William McKay, Appellant, *v*. Ferris Foster, Respondent.

Fourth Department, July 3, 1917.

Practice — defenses — prior action pending — defense must be taken by answer not by motion — action based on repetition of slander — pending action for prior slander no bar.

The pendency of a former action for the same cause between the same parties is a defense which to be availed of must be pleaded. It cannot be raised before answer by motion to dismiss at Special Term.

*It seems*, that where a complaint for slander sets out two separate causes of action on the same words spoken by the defendant on two specific occasions, the defense of a prior action pending for the same cause is not available, if the prior action was for the same slanderous words uttered prior to the time specified in the slander in the second complaint, for each repetition of a slander creates a separate and independent cause of action.

Appeal by the plaintiff, William McKay, from an order of the Supreme Court, made at the Steuben Special Term and entered in the office of the clerk of the county of Steuben on the 2d day of May, 1917, dismissing the complaint and directing judgment in favor of the defendant for costs on the ground that plaintiff has another and prior action pending in this court for the same cause.

*Harry K. Brown* [*John Griffin* of counsel], for the appellant.

*Burrell & Simpson* [*Almon W. Burrell* of counsel], for the respondent.

Foote, J.:

This action was "dismissed" on defendant's motion at Special Term on the ground that a former action was pending

for the same cause. The motion was made within twenty days after the action was begun on affidavits of defendant and of one of his attorneys and before pleading to the complaint. Plaintiff challenges the right of defendant to raise such a question before answer by motion.

We are referred to no authorities in this State and have found none for such practice. Pendency of a former action for the same cause between the same parties is a defense which to be availed of must be pleaded. (*Hollister* v. *Stewart*, 111 N. Y. 644; *James* v. *Work*, 70 Hun, 296.) We think the question can only be raised by answer.

But if the question was properly before the Special Term we are of opinion it was wrongly decided.

The complaint alleges two separate causes of action for slander: the *first*, for words spoken by defendant on or about November 20, 1915, in effect accusing plaintiff of the crime of arson in setting fire to certain buildings; the *second*, for words of the same purport spoken in April, 1916. It appeared from the affidavits used on the motion that this action was begun March 16, 1917; that the alleged former action was begun on December 7, 1915, by service of a summons on which was indorsed the words "Action for Slander;" that no complaint was served with the summons; that defendant appeared by attorney within twenty days and demanded a copy of the complaint, but none was served and plaintiff was in default; that on March 10, 1917, plaintiff having changed attorneys, served a complaint by mail which was promptly returned as served too late. The contents of this complaint was not shown, except that it asked "damages for slander" and that plaintiff's attorney admitted to defendant's attorney in the course of a conversation that both actions were for the same cause.

It is evident that the first action brought December 7, 1915, could not have been for the slander alleged to have been uttered in April, 1916. Though a mere repetition of the slanderous words uttered November 20, 1915, still they afford a separate and independent cause of action, and since the repetition occurred after the first action was begun, proof thereof is not receivable upon the trial of that action, even upon the question of malice, for the reason that it may be

the subject of another action and thus " defendant might be compelled to pay damages twice for the same injury." (*Frazier* v. *McCloskey*, 60 N. Y. 337; *Cook* v. *Conners*, 215 id. 175.)

The complaint which plaintiff attempted to serve March tenth while he was in default was of no effect.  If his default should be opened, he could serve the same or a different one, alleging any cause of action existing at the time the summons was served December 7, 1915, but not one that arose thereafter. The cause of action for the slanderous words uttered in April, 1916, is not and cannot be the ground of the first action. As that is one of the causes of action alleged in the second action, it is apparent that both actions are not for the same cause, although as to the first cause alleged here, they may be.

The order must be reversed and judgment vacated, with ten dollars costs and disbursements, and the motion denied, with leave to defendant to answer within twenty days upon payment of such costs.

All concurred.

Judgment vacated, order reversed, with ten dollars costs and disbursements, and motion denied, with leave to the defendant to answer within twenty days upon payment of such costs.