## MONTGOMERY v. HOGAN et al.

No. 10347.   Opinion Filed Nov. 4, 1919.

(Syllabus by the Court.)

**Action—Proceedings Constituting Commencement.**

In general, a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon.

Error from District Court, Mayes County; Preston S. Davis, Judge.

Action by J. B. Montgomery against John Z. Hogan and others. Judgment dismissing action, and plaintiff brings error. Reversed and remanded.

J. C. Counts, J. H. Langley, and S. F. Brady, for plaintiff in error.

RAINEY, J. This action was commenced in the district court of Mayes county, Oklahoma, by J. B. Montgomery as plaintiff, against John Z. Hogan, Eva M. Hogan, Auda G. Faulkner, Roxie Faulkner, Clarence Faulkner, and Jesie A. Faulkner, minors, A. A. Miller, as guardian of said minors. L. F. Morhart, Mrs. L. F. Morhart, E. P. Clark, L. F. Morhart, as trustee for himself, Mrs. L. F. Morhart and E. P. Clark, C. R. Budd, and Citizens Bank & Trust Company of Pryor Creek, Oklahoma, a corporation, to foreclose a mortgage given by the defendants John Z. Hogan and Eva M. Hogan to the .Deming Investment Company, and assigned by said company to the plaintiff. Pursuant to a praecipe duly filed, a summons was issued to the sheriff of Mayes county, Oklahoma, for all of the above-named defendants, and thereafter, on the 28th day of March, 1918, the sheriff returned said summons showing service upon all of said defendants except John Z. Hogan and Eva M. Hogan, the makers of the note and mortgage on which the action was instituted, who were reported not found in Mayes county On the 14th day of June, 1918, an alias summons was issued out of said court, which was duly served on the defendants John Z. Hogan and Eva M. Hogan on the same day. The alias summons is regular in every respect. On June 29, 1918, these defendants filed their special appearance and motion to quash the summons on the ground that "no summons has been issued and served upon these defendants, nor either of them, nor upon any co-defendant, who is a joint contractor, or otherwise united in interest with either or both of these defendants, within sixty days next succeeding the filing of the petition of the plaintiff in the above

said pretending action." On the 1st day of July, 1918, the court sustained the, motion to quash the summons and dismissed the action. Judgment dismissing the plaintiff's action was as follows:

"And the court further finds that by reason of the fact that no summons or alias summons was issued and served on these defendants in this action within sixty days after the filing of the petition of the plaintiff that no action is legally pending, and that the same should be dismissed, and it is, therefore, by the court,

"Ordered that the action of the plaintiff be, and the same is hereby dismissed, without prejudice, at the cost of the plaintiff, to all of which judgment and order of the court plaintiff duly and legally excepted at the time, and exceptions were by the court allowed."

From the action of the court in quashing the summons and in dismissing his suit, plaintiff has brought the case here for review.

Section 4703, Rev. Laws 1910, is as follows:

"Petitions and Summons. A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing summons to be issued thereon."

Section 4709, Rev. Laws 1910, relative to alias summons, is as follows:

"When a writ is returned 'Not summoned,' other writs may be issued, until the defendant or defendants shall be summoned; and when defendants reside in different counties, writs may be issued to such counties at the same time."

The statutes and authorities support plaintiff's contention that the action is pending when the petition is filed and summons issued. In Kelly-Goodfellow Shoe Company v. Todd, 5 Okla. 360, 49 Pac. 53, this court said:

"It is contended by the defendant in error that inasmuch as the action was begun December 18, 1893, and that the defendant, Todd, was not a resident and not found in Lincoln county, where the action was begun, but was found by the sheriff in Logan county, and that inasmuch as no other service was had upon the defendant, Todd, until the 9th day of June, 1894, and no endeavor was made to procure service, or to follow the attempt to procure service by publication of service of summons within sixty days after such attempt, that the action was never, in fact, commenced, and that the proceeding in replevin was therefore void.

"This reasoning was based upon the provision, Code Civ. Proc., art. 5, sec. 20, 'Time of Commencing Civil Action,' that:

"'Action shall be deemed commenced, within the meaning of this article, as to each defendant at the date of the summons which is served upon him, or on a co-defendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by first publication, or service of summons within sixty days.'

"It is the contention of the defendant in error that this section of the statute is applicable in an action in replevin, and that, no such service or attempted service or publication within 60 days from the filing of the petition having been made, the action was never 'commenced.'

"The section referred to provides that:

"'An action shall be deemed commenced within the meaning of this article, as to each defendant.'

"But the 'article' is a statute of limitations, enacted for the purpose of constituting a special defense and bar to the action, on the ground of lapse of time between the incurring of a liability and the attempt to enforce it by legal proceedings, and its provisions are expressly limited, by the terms of the section itself, to 'the meaning of this article.' The statute does not apply to an action of replevin unless the defendant should be here, setting up the statute of limitations as a bar to recovery, which is not the case.

"In general, a 'civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon.'"

See, also, Green v. McCracken, 64 Kan. 330, 67 Pac. 857; Shufeldt et al. v. Jefcoat et al., 50 Okla. 790, 151 Pac. 595.

Since neither the statutes of limitations nor lis pendens are involved in this case, it follows that the court was in error in quashing the summons and in dismissing plaintiff's action.

The cause is, therefore, reversed and remanded with directions to the trial court to reinstate the action.

All the Justices concur.