## GOODEAGLE et al. v. MOORE.

No. 9640—Opinion Filed April 20, 1920.

Rehearing Denied April 24, 1923.

(Syllabus.)

1. **Judgment—Res Judicata—What Constitutes.**

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

2. **Same—Basis of Estoppel.**

The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination? and not, upon what evidence or by what means was it reached?

3. **Same—Extent of Estoppel.**

The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict, or findings.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Wat-tah-noh-zhe Goodeagle and another against James K. Moore. Judgment for defendant, and plaintiffs bring error. Affirmed.

Edward E. Sapp and Scott Thompson, for plaintiffs in error.

Charles B. Mitchell, Seymour Riddle, Albert D. Bennett, and Dennis H. Wilson, for defendant in error.

JOHNSON, J. This action was filed in the district court of Ottawa county, Okla., May 25, 1916. The plaintiffs in error were plaintiffs below, and the defendant in error was defendant below. The parties will be hereinafter referred to as plaintiffs and defendant.

The cause was submitted to the trial court upon an agreed statement of facts which is as follows:

"It is agreed as being the facts in the above entitled case, that Wat-tah-noh-zhe Goodeagle is a full-blood Quapah Indian, and the allottee of the following described land in Ottawa county, Oklahoma, to wit: The west half of the southeast quarter and the east half of the southwest quarter, and the southeast quarter of the southeast quarter, in section one (1), township twenty-eight (28) north, of range twenty-two (22) east of the Indian Meridian.

"That Francis Q. Goodeagle is also a full-blooded Quapah Indian and the husband of said Wat-tah-noh-zhe; that said above described land was allotted to the plaintiff Wat-tah-noh-zhe Goodeagle under and by virtue of section one (1), chapter eighty-eight (88), of 28 Statutes at Large of the United States, approved on March 2, 1895, and that the restrictions provided for in said law, and set forth in the patent of said land, have never been removed, and are in full force and effect, except the said law above mentioned was modified by a lease statute of—

"It is further admitted that said land was leased by said plaintiff for a period of ten years by two separate leases to the Baxter Mining and Royalty Company, and James F. Robinson and C. M. Harvey and associates, on the 22nd day of May, and June 14, 1907, at a royalty of 5 per cent. per annum; that thereafter and on the 18th day of July, 1907, said Wat-tah-noh-zhe and Francis Goodeagle, her husband, made an assignment of one-half of the royalties provided for in said lease, to wit, 2½ per cent., in consideration of the payment of $1,000 to them by James K. Moore; that thereafter, when the royalties rising from the sales of ore were paid to said Wat-tah-noh-zhe or her agent, that the said Wat-tah-noh-zhe or said agent, went to the First National Bank in Miami, Oklahoma, and there cashed said check, and the money arising from said royalties was paid them and divided equally between plaintiffs and defendant; that on the 7th day of July, 1909, Wat-tah-noh-zhe and Francis Q. Goodeagle, her husband, commenced an action in the district court of the Twenty-third judicial district,( in and for the county of Ottawa, against the defendant, James K. Moore, to set aside and vacate a mining lease given by said Wat-tah-noh-zhe and Francis Q. Goodeagle to James K. Moore, and to set aside and vacate the assignment of royalties heretofore mentioned; that thereafter and on the 23rd day of November, 1909, an amended petition was filed in said case, and thereafter, and on the 20th day of December, 1909, a cross-petition and answer was filed to said amended petition, and thereafter and on the 14th day of February, 1910, a reply was filed to said cross-petition and answer to amended petition. All three of which instruments are attached to and made a part of this stipulation, as to facts.

"That thereafter, and on the 10th day of April, 1910, and after a trial of said case, a judgment was entered in favor of the defendant and against the plaintiff, a copy of said journal entry and judgment being here-

to attached and made a part of this agreed statement of facts.

"That thereafter the said cause was appealed to the Supreme Court of the state of Oklahoma and a hearing was had thereon and a judgment of the Supreme Court rendered affirming the judgment of the trial court, of Ottawa county. A copy of which mandate is hereto attached, and made a part hereof.

"That prior to sending said mandate to the clerk of the district court of Ottawa county, the Supreme Court rendered an opinion in said case, which is attached to this agreed statement of facts and made a part hereof.

"That pending the trial of said cause in the district and Supreme courts no monies were paid upon said assignment of royalties by the lessees to James K. Moore, but that on the 21st day of April, 1910, the receiver under order of the court in case No. 544, where the present defendant was plaintiff and the present plaintiffs along with the Baxter Royalty Company et al. were defendants, paid to James K. Moore $3,550.60 as royalties that had arisen under said contract of assignment of royalties between James K. Moore and the plaintiffs in this action.

"That thereafter, on the 10th day of April, 1913, the First National Bank of Miami, under order of court in case No. 545, wherein the present defendant was plaintiff and the present plaintiffs and said bank et al. were defendants, paid to James K. Moore $17,892.10, being the amount of the royalties that had accumulated and been deposited with it by the lessees, and being one-half of the 5 per cent. royalty assigned to James K. Moore that had come into the hands of the First National Bank of Miami, as the accumulation of the 2½ per cent. royalty upon the land first above described, between the date of May 9, 1909, and April 18, 1913; that thereafter there was paid to James K. Moore, by Harvey Robinson and Coleman, or the corporations which were operating on the land described in the assignment of royalties hereto attached, an amount of money representing 2½ per cent. royalty arising from the mining on said land and paid to said James K. Moore by virtue of the assignment of royalties set forth; that all payments were made with the knowledge of plaintiffs and without objection from them; that there is attached hereto and made a part of this agreed statement of facts the total amount of royalties paid upon said land, one-half of which was received by James K. Moore, except the sum of $3,550.60 paid by the Baxter Royalty Company, or some one acting for it, to James K. Moore, as set forth on page 3 of this agreed statement of facts; that the total amount of royalties paid as shown by this agreed statement of facts is $69,532.32, and that the

total amount of royalties received by said Moore, including the $3,550.60 paid by the Baxter Royalty Company, amounts to $38,316.76; that the times of the accumulations of said royalties, with the exception of the $3,550.60 paid by the Baxter Royalty Company, are as set forth in the various amounts shown by the pages hereto attached, and made a part hereof.

"It is further stipulated that the petition, answer, stipulation and judgment in the case wherein James K. Moore was plaintiff and Wat-tah-noh-zhe et al. were defendants, being case No. 544, and now on file in the district court of Ottawa county, Oklahoma, are made part of this agreed statement of facts and it is further agreed that the petition, answers, stipulation and order thereunder in an action pending in the district court of Ottawa county, Oklahoma, wherein James K. Moore was plaintiff and Wat-tah-noh-zhe et al. defendants, being number 545, now on file in the office of the clerk of this court, are made part of this agreed statement of facts, and copies are hereto attached."

The trial court rendered judgment for the defendant. The plaintiffs' specifications of error are:

"1. The court erred in overruling the motion of the plaintiffs in error for new trial.

"2. The court erred in its findings and judgment on the agreed statement of facts as a matter of law."

Counsel for plaintiffs say in their brief:

"The defendant in error contends the assignment is valid, but if held void no recovery of moneys paid thereunder can be recovered because of the bar of statute of limitation, and further because this court had previously held in an action between the same parties that this particular assignment of royalties was a valid and authorized assignment of plaintiffs in error.

"We meet the defense that the assignment was valid by referring the court to United States v. Noble et al., 237 U. S. 74, which conclusively settles this issue against the defendant.

"We will later discuss the proposition that no recovery can be had admitting the assignment to be void, and will now pass to the real question in this case. Does the judgment of this court in affirming cause number 265 in the district court of Ottawa county, Oklahoma, bar plaintiffs in error in this proceeding? We answer the question in the negative and assign two reasons therefor. First: The judgment was not a bar because the cause of action and the issues thereon were not the same as herein plead. Second: If the judgment can be said to be a decree of the court violating the assignment of royalties by a Quapaw Indian on lands allotted to her with the statutory

restriction against alienation thereon, then the judgment is void as being beyond the power of the court to so adjudge."

The question for our determination, then, Did the court err in the conclusion that there had been a former adjudication, and, upon that ground, in rendering judgment for the defendant?

The rule that governs where this defense has been interposed is as was stated by this court in the case of McDuffie v. Geiser Mfg. Co. et al., 41 Okla. 488, 138 Pac. 1029, wherein it was said:

"The leading case upon the question of to what extent a former adjudication may be pleaded in bar is that of Crowell v. Sac. County, 94 U. S. 351, 24 L. Ed. 195, where Mr. Justice Field laid down the following rule, which has been consistently adhered to by that court, 'In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be substantially alleged that perfect defenses actually existed of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is conclusive, so far as future proceedings are concerned as though the defense never existed. The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery of defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. * * * If, then, a judgment is conclusive, not only of every ground of recovery or defense actually presented in the action, but every ground which might have been presented, it cannot be said that defendant in error is not precluded by the

former judgment. * * *The issue of jurisdiction, having been submitted and finally determined, cannot again be opened up on account of some new ground, tardily urged, and which might have been presented at the original trial. There must be some end of litigation."

To the same effect are Woodsworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224; Hoisington v. Brakey, 31 Kan. 563, 3 Pac. 355; Engle et al. v. Legg, 39 Okla. 475, 135 Pac. 1058; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162; Corrugated Culvert Co. v. Simpson Twp. 51 Okla. 178, 151 Pac. 854; Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099; Smith et al. v. Braley et al., 76 Okla. 220, 184 Pac. 586; Dill v. Flesher, 73 Oklahoma, 175 Pac. 359.

The two cases under consideration, viz.; No. 265 and the present case, were between the same parties and both for the same relief, to recover money paid to defendant under the same assignment of royalties. The agreed statement of facts discloses that the decision of this court affirming the judgment of the district court in cause No. 265 was that the plaintiffs were not entitled to recover the monies paid under the assignment.

In paragraph 5 of the opinion of this court in said cause (36 Okla. 631, 129 Pac. 877) it was said:

"(5) As to the other question raised—i. e., that the contract of assignment of royalty is void for the reason that it, in effect, is an alienation of a restricted Indian allotment— we are also compelled to disagree with counsel. Whether the sale of one-half interest in and to the 5 per cent. royalty, which the lessors paid plaintiffs in error for the mineral taken from the allotment in question, is a sale of the thing itself, and therefore void, because the land is inalienable on account of restrictions placed thereon by Congress in the act ratifying the allotments, is not, in our opinion, open to discussion, for the reason that the act under which the lease was made, being a federal statute and having been construed by the federal courts, their holding on the subject is highly persuasive and ordinarily binding on us." Citing, in support thereof, U. S. v. Abrams et al., 181 Feb. 847; U. S. v. oble, 237 U. S. 74, 194 Fed. 296.

So, it seems clear to us that the trial court was clearly right in the conclusion reached, that there had been a former adjudication between the parties thereto on all matters attempted to be litigated herein, and in rendering judgment accordingly.

The judgment of the trial court is therefore affirmed.

OWEN, C. J., and HARRISON, PITCHFORD, and BAILEY, JJ., concur.