## BROCKMAN et al. v. ROBERTS et al.

No. 10949—Opinion Filed Jan. 23, 1923.

Rehearing Denied March 20, 1923.

(Syllabus)

1. **Lis Pendens—Right Acquired by Purchaser—Pendency of Action.**

One who purchases real property from a party to an action involving the title thereto, after the institution and during the pendency of such action, is bound by the judgment rendered therein against his grantor, and acquires no greater rights than his grantor. Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099.

2. **Judgment—Conclusiveness.**

A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter.

3. **Indians — Validity of Deeds — Minor Creek Freedmen.**

A deed executed by a minor Creek freedman allottee to his allotted lands is void.

4. **Abatement and Revival — Defense of Former Action Pending—Waiver.**

The defense of a former action in the same cause between the same parties, to be available, must be pleaded, and where such defense is not availed of by filing proper pleading, the parties will be treated as having waived such defense.

5. **Trial—General Findings—Effects.**

In an action tried to the court, where the court makes a general finding, such finding includes a finding upon every fact necessary to support the judgment rendered in this action.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by Emery Roberts against W. G. Brockman, John C. Graves, et al., to cancel

and set aside conveyances to real estate. Judgment quieting title in John C. Graves. W. G. Brockman brings error. Judgment affirmed in part and reversed in part. Cause remanded, with directions.

Benjamin C. Conner and Horace H. Hagan, for plaintiffs in error.

John C. Graves and Thos. H. Owen, for defendants in error.

KENNAMER, J. Emery Roberts, a Creek Freedman enrolled opposite roll No. 3618, as plaintiff, instituted this action in the district court of Wagoner county against W. G. Brockman, H. C. Brockman, John C. Graves, and M. E. Graves, as defendants. James H. Kennedy on motion, was made a party defendant. The defendants M. E. Graves and James H. Kennedy filed disclaimers. The action involved the title to 120 acres of land allotted to the plaintiff in Tulsa county and 40 acres in Wagoner county. The action was tried upon an amended petition filed by the plaintiff, wherein he asked that certain contracts and conveyances executed to W. G. Brockman be canceled and removed as clouds upon his title for the use and benefit of John C. Graves, and that the title to the lands be declared vested in Graves.

W. G. Brockman in his answer and cross-petition asked for affirmative relief against his codefendant, John C. Graves, quieting the title to the lands in him, and pleaded the judgment of the district court of Tulsa county as res judicata of the issues involved as to the title of the 120 acres of land situated in Tulsa county.

On May 20, 1919, the court rendered judgment quieting title in John C. Graves to the lands in controversy, the 120 acres in Tulsa county and the 40 acres in Wagoner county, and judgment for the plaintiff for the recovery of $2,268 against Graves, which the court found to be due for the purchase money for the lands involved in the action. The defendant W. G. Brockman was given judgment against Emery Roberts for $587, and a lien decreed upon the lands for the amount adjudged to be due W. G. Brockman by the plaintiff. Motion for new trial was filed by W. G. Brockman and overruled by the court, and exceptions allowed.

This appeal is prosecuted to reverse the judgment of the court. The questions necessary to be considered in determining this appeal are: Error of the court in not holding that the judgment of the district court of Tulsa county was res judicata as to the lands situated in Tulsa county, and the in-

validity of the conveyances relied upon by John C. Graves to establish his title, as presented under the assignments of error.

It appears that the plaintiff in this action, Emery Roberts, instituted an action on the 6th day of July, 1918, in the district court of Tulsa county against John C. Graves, M. E. Graves, James H. Kennedy. W. G. Brockman, and others not material in this case, to quiet his title in and to the lands in Tulsa county involved in this case. That W. G. Brockman filed an answer and cross-petition in the action to quiet his title as against Emery Roberts and his codefendants, including James H. Kennedy. That on the 26th day of December, 1918, the district court of Tulsa county entered judgment in favor of W. G. Brockman on his cross-petition, quieting his title against Emery Roberts, M. E. Graves, James H. Kennedy, and all persons claiming by, through, or under them.

From the evidence introduced in the trial of the instant case, John C. Graves asserts title under a deed of conveyance executed by James H. Kennedy subsequent to the filing of the action in Tulsa county, the service of summons, and the filing of the cross-petition by Brockman. It is plain in this situation that the judgment rendered in the district court of Tulsa county is binding and conclusive upon Kennedy and his grantee, J. C. Graves, in conveyances executed subsequent to the institution of the action in Tulsa county. We know of no rule of law better established than that one who purchases real property from a party to an action involving the title thereto after the commencement and during the pendency of such action, is bound by the judgment rendered therein against his grantor and acquires no greater rights than his grantor. Section 4732, Revised Laws 1910; Scott v. Wise-Autry Stock Co., 56 Okla. 504, 156 Pac. 340; Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099.

The courts have with unanimity announced the rule that a judgment in a court of competent jurisdiction is conclusive between the parties and those in privity with them. Kiniry v. Davis et al., 82 Okla. 211, 200 Pac. 439. In the instant case James H. Kennedy, the grantor of John C. Graves, was a party to the action in Tulsa county, and it was there adjudged that W. G. Brockman's title to the 120 acres of land situated in Tulsa county be quieted in Brockman as against Kennedy, and the judgment therein rendered is conclusive upon Graves, Kennedy's subsequent grantee. The only con-

tention made by counsel for Graves that the judgment is not res judicata is that the cause was continued as to John C. Graves, and that the instant case was pending in Wagoner county when the action in Tulsa county was instituted, and that the pendency of the action in Wagoner county constituted a defense to the action in Tulsa county. But we deem it sufficient to say that the pendency of a former action, to be available as a defense, must be pleaded and established by competent evidence. I R. C. L. 111; Hollister v. Stewart (N. Y. Ct. App.) 19 N. E. 782; McKay v. Foster, 166 N. Y. Supp. 331; Vance v. Heath (Utah) 128 Pac. 365; Fish Company v. Young (Wis.) 106 N. W. 795; Boatman's Bank v. Fritzlem, 135 Fed. 650.

An examination of the record in this case discloses that, according to the enrollment record and the other evidence, the allottee, Emery Roberts, was 21 years of age on the 31st day of March, 1918, and the only conveyance that the defendant John C. Graves claims title to the lands through, other than the deed received from James H. Kennedy, was executed in the year 1917, when it is admitted that the allottee was a minor. It is clear such a deed is void. Therefore, it is obvious that the trial court committed error in quieting title to the 120 acres of land in Tulsa county in John C. Graves, and that that part of the judgment must be reversed.

The evidence discloses that W. G. Brockman procured certain contracts to purchase and deeds to the 40 acres of land located in Wagoner county March 1, 1918, prior to the time the allottee reached his majority, and that subsequent to March 31, 1918, the date on which the allottee was of age, procured new deeds from the allottee. The trial court in rendering judgment made no special findings of fact, and the rule applicable in this situation is that where a case is tried to the court without a jury and the court makes no special findings of fact, a general finding includes a finding upon every issue necessary to support the judgment. Mutual Life Ins. Co. v. Boucher, 83 Okla. 42, 200 Pac. 534. It is quite clear from the record in the case that the deeds executed by Roberts, the allottee, to Brockman subsequent to the allottee having reached his majority, were to complete the void contract of purchase entered into prior to the allottee having become of age. This evidence is sufficient to support the allegation of the petition that Brockman's deeds to the 40 acres were fraudulently obtained. In fact, the record in this case clearly establishes a

conspiracy on the part of the defendants asserting title to the allottee's allotted lands to so cloud the title prior to the allottee reaching his majority that he would be unable to sell same to any other purchaser. Therefore, it appearing that the allottee, the plaintiff in the action, had arrived at some satisfactory understanding with John C. Graves after arriving at his majority and under his amended petition he prosec ted the action for the use and benefit of Graves, it is our conclusion that the evidence is sufficient to support the judgment of the trial court in quieting the title to the 40 acres of land located in Wagoner county, and that part of the judgment will be affirmed.

It is, therefore, ordered that the judgment of the trial court quieting the title to the 120 acres of land in Tulsa county in John C. Graves be reversed, and as to the 40 acres in Wagoner county be affirmed. That the judgment against the plaintiff, Roberts, for $589 be reversed, and the cause is remanded to the district court of Wagoner county, with directions to enter judgment quieting the title in W. G. Brockman to the lands in Tulsa county and proceed with the cause not inconsistent with the views herein expressed.

JOHNSON, V. C. J., and KANE, NICHOLSON, and BRANSON, JJ., concur.