### ARGO v. PASQUALI et al.

No. 14927—Opinion Filed April 21, 1925.

**1. Trial—General Findings—Effect.**

In an action tried to the court, where the court makes a general finding, same includes a finding upon every fact necessary to support the judgment rendered.

**2. Appeal and Error—Review—Sufficiency of Evidence.**

Under the rule that, in such cases, where there is any evidence reasonably tending to support the judgment, same will not be disturbed by the Supreme Court, held, that it inheres in the judgment that the property sought to be recovered was not the identical property claimed by plaintiff to be exempt from alienation as restricted Indian property.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Louis Argo against Joe Pasquali et al. From judgment for defendants, plaintiff appeals. Affirmed.

Robert Crockett, for plaintiff in error.

G. T. Ralls, for defendants in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. Argo brought replevin against Pasquali and Aslin for one jersey cow and certain farm implements. He was a full-blood Choctaw Indian, duly enrolled and living in Murray county in January, 1915, when the federal government purchased for him a cow and implements out of proceeds in its hands from the sale of his restricted land. A bill of sale from the vendor in favor of the United States for Argo was delivered, conveying only one squirrel gray jersey cow three years old. Thereto was appended the certificate of the "Indian Policeman" to the effect that the property, the cow, was purchased for Argo with funds held in trust for him by the government and had been branded "U. S. I. D.", signifying that the purchase was made and the property held by the United

States through the Indian Department. This instrument was duly filed of record in Murray county. In 1919, Argo moved to Coal county and claimed to have taken the cow and implements with him, but said bill of sale for the cow was not refiled in Coal county. In July of 1919, he executed a chattel mortgage to secure his note for $200 to Pasquali, a local merchant, for groceries, supplies, and feed for making a crop, describing a horse, one spotted cow and certain other property, including also "one jersey cow branded U. S. I. D. on left side". In this mortgage, he represented that he was the owner of the property and that same was free from all incumbrances whatsoever and promised to defend the title thereto. Having refused to pay the indebtedness, Pasquali, in 1921, brought replevin under this chattel mortgage against Argo. The latter appeared in person and, by counsel, contested the case before the justice of the peace. Judgment was for Pasquali, from which Argo did not appeal. Soon thereafter, Argo instituted the instant action in the justice of the peace court against Pasquali and Aslin in replevin for the possession of the same property which had been adjudged to Pasquali in the former suit and by him sold to Aslin on judicial sale. Defendants pleaded and proved the former judgment. In the instant suit, judgment in the district court was also for defendants, from which Argo prosecutes this appeal.

The main question argued is that the property mortgaged to Pasquali was the property purchased by the government for Argo with the proceeds of the sale of his restricted land, and that the chattel mortgage from Argo to Pasquali was void because no consent or approval of the government was obtained therefor. Let the contention of the plaintiff be conceded, if the property mortgaged was in fact the property purchased by the government. This cause was tried in the district court without a jury. Plaintiff made no request for separate findings of fact and conclusions of law. The court found generally for defendants for the possession of the property. The record does not disclose whether the farming implements in 1915 were new or second hand when purchased for the Indian. If they were new at that time, they were between nine and ten year old at the time of the trial in the district court. Whether the implements mortgaged to Pasquali were the ones purchased by the government for Argo in 1915, was submitted on conflicting evidence. Likewise, the evidence was conflicting as to the identity of the jersey cow. Defendants, in

the instant case, admitted that the jersey cow mortgaged to Pasquali bore the same brand as described in the bill of sale to Argo in 1915; they testified that Argo told them, in order to procure the groceries, that there were no restrictions on any of the property, and that although the cow bore such brand, he, Argo, had purchased her at public sale in Murray county; and, in substance, that she had never been allotted to him and was a cow that had changed hands several times since she had been allotted to some other Indian. Argo, however, testified that at the time he gave the mortgage to Pasquali this cow was restricted. The trial court heard and saw these witnesses and, under the well-known rule, this court will not disturb the judgment, since there is evidence reasonably tending to support the same. Counsel for plaintiff in his brief states:

"At the trial in the district court a number of witnesses testified on both sides, but there was little, if any, variance in their testimony, and what little there was, related to the identity of the cow in question, and that being a question of fact, all argument thereon will be waived in this brief, and the discussion confined herein solely to the questions of law outlined above."

It is a familiar rule that in an action tried to the court, where the court makes a general finding, such finding includes a finding upon every fact necessary to support the judgment rendered in the action. Brockman et al. v. Boberts et al., 89 Okla. 57, 213 Pac. 545. It is conceded that the property in the instant suit and in the former justice of the peace action is the same. If it had been conceded in the district court that the property involved was the identical property which had been purchased for Argo by the government in 1915, or if there had been no evidence reasonably tending to the contrary, then the judgment in the first case in the justice of the peace court—in favor of Pasquali—would not be res judicata or an estoppel in the instant action. As shown above, because of the question of the identity of the property, we are constrained to hold that the judgment in the first suit in the justice of the peace court in favor of Pasquali against Argo for this property is res judicata in this case. Assuming without deciding that a chattel mortgage on restricted personal property, or personal property purchased with the proceeds of the sale of restricted land, of an Indian is void when not approved by the Department, the federal statutes and departmental regulations cannot be invoked, of course, as to any prop-

erty owned by the Indian, not so purchased. If it was not such identical property, the remedy of Argo, as of any one else, was by appeal from the judgment of the justice awarding the property to Pasquali.

It is Hornbook law that a judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter. In Goodeagle et al. v. Moore, 89 Okla. 211, 214 Pac. 725, it is held that the essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, Has there been such determination, and not, upon what evidence or by what means was it reached? Held, also, the inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, verdict, or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict or findings. There was, in fact, nothing before the court in this case except such identity of the property. We presume that the district court followed the foregoing rules, further impelling us to the view that the general findings for defendants were based on such want of identity of the property.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1977; (2) 4 C. J. p. 879, § 2853.