## BRINK v. BARTLETT.

No. 18167. Opinion Filed Dec. 2, 1930.

Wilkinson & Smith and J. T. Smith, for plaintiff in error.

Geo. S. Ramsey, D. A. McDougal, and L. O. Lytle, for defendant in error.

TEEHEE, C. In this cause this court, on April 29, 1930, filed an opinion whereunder the judgment of the district court of Creek county for defendant in error, H. U. Bartlett, was reversed, and the cause remanded, with directions to enter judgment for plaintiff in error, Lusanna Brink, canceling a conveyance of realty executed by her to Bartlett, and to take such further proceedings as may be necessary or proper in the premises, and as may not be inconsistent with the views therein expressed.

On May 13, 1930, defendant in error filed his petition to rehear, joined with a motion to dismiss the case or affirm the judgment of the trial court. This was predicated on the ground that, prior to the time of the filing of the opinion, the issues in the case had been determined by an opinion rendered on April 4, 1930, by the United States Circuit Court of Appeals for the Tenth Cir-

cuit, in the case of James J. Mars, Executor of Lusanna Brink, Deceased, et al. v. D: A. McDougal et al., in which defendant in error here, H. U. Bartlett, among several others, was a party defendant in error. With the petition there were filed, by exhibits attached thereto, certified copies of the record of the case and the opinion therein. The case is reported in 40 Fed. (2nd) 247. Thereby a judgment of the United States District Court for the Northern District of Oklahoma for Bartlett was affirmed.

In the response to the petition and motion, plaintiff in error contends that the judgment in the Mars Case "is not controlling herein for the reason that, prior to the entry of such decree, the subject-matter of such action had been merged in a judgment by the trial court herein, and the rights of the parties herein are dependent on the final outcome of this action," and prays dismissal of defendant in error's petition and motion.

Since the filing of the petition and motion, and prior to the filing of the response, the appellate judgment in the Mars Case became final by denial of a petition for a writ of certiorari by the Supreme Court of the United States. Mars v. McDougal, 51 S. Ct. 28, 75 L. Ed. ____.

Thus the issue of res adjudicata of the case here pending is framed, and requires our decision thereon if the question may thus be presented.

From the exhibits attached to the petition and motion, we think it is clearly established that the issues between the parties here were the same issues involved between the same parties in the Mars Case, and were there determined as alleged by defendant in error. This fact does not appear to be controverted by plaintiff in error in the response, the ground there being taken that the judgment of the Mars Case was not binding on the theory, in effect, that the judgment of the trial court in the instant cause was the first in point of time with finality of the case being dependent on appellate disposition by this court.

It is well settled that "If rights between litigants are once established by the final judgment of a court of competent jurisdiction, those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it." Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065. It has been ruled that, "where two actions between the same

parties involving the same cause of action proceed at the same time in courts of concurrent jurisdiction, it is not the final judgment in the action first brought, but the first final judgment, although it may be in the action last brought, that renders the issues res judicata in both actions." McDougal v. Black Panther Oil & Gas Co., 273 Fed. 113; Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 Sup. Ct. 506, 61 L. Ed. 1149; 34 C. J. 886.

Ordinarily, in order to be availed of in a cause, the issue of res adjudicata must be raised by the original pleadings of the parties in the trial court, and if not there pleaded, the same will be deemed to have been waived. Brockman v. Roberts, 89 Okla. 57, 213 Pac. 545. This rule presupposes the existence of the matter in estoppel.

In Sheldon v. Patterson, 55 Ill. 507, it was held, to wit:

"Whatever may be the true rule in regard to the effect to be given to a judgment rendered in a court of concurrent jurisdiction, when given in evidence in another suit in which the same question is involved, and between the same parties, without having been pleaded as an estoppel in bar, the party having had an opportunity so to plead it, all the authorities agree that when there has been no such opportunity, in the course of the pleadings, to plead the matter of estoppel in bar, and it is offered in evidence, it is equally conclusive as if it had been pleaded."

This principle found approval by the highest court of the land. Hart Steel Co. v. Railroad Supply Co., supra.

In the Hart Steel Company Case, the circumstances were measurably similar to the circumstances now presented and in hand under the petition and motion and response thereto. There the plaintiff sought to recover the same cause of action by two separate suits in two federal court circuits with several months intervening the filing thereof. In both actions the trial court rendered judgment for the defendant. Both cases were appealed to the proper Circuit Court of Appeals. Final appellate action affirming the judgment was had in the case last brought. Thereupon the defendant moved in the pending appeal that the appellate court affirm the judgment on the ground that the issues had been rendered res adjudicata by the judgment in the other case. Although legal identity of the issues and parties or their privies was established, the motion was denied, and upon a consideration of the merits of the appeal, the judgment in the first case was reversed. On

appeal to the Supreme Court of the United States, it was held,

"That a motion for an affirmance, seasonably made to the latter court and supported by certified copies of the record and journal entries in the other case, establishing legal identity of the subject-matter and privity of the parties, was a proper means of interposing the defense of res judicata, and that the motion should have been granted."

There can be no doubt that the United States Circuit Court of Appeals is one of equal dignity and co-ordinate in jurisdiction with this court in causes appealable to the Supreme Court of the United States. 15 R. C. L. 989, sec. 463; 34 C. J. 1160, sec. 1643.

Under the rule of the Hart Steel Company Case, it must follow that the plea of res adjudicata is properly before us, and, as already noted, legal identity of the subject-matter and the parties in the two actions is clearly established by the record matter presented in support of the plea. We are of the opinion, therefore, that the ruling effect of the Mars Case is that of res adjudicata of the case here.

Defendant in error's motion to dismiss, therefore, is affirmed, and this appeal is hereby dismissed.

BENNETT, EAGLETON, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.