## SMITH v. GIBSON et al.

No. 20032. Opinion Filed May 26, 1931.

Rehearing Denied June 30, 1931.

Chandler & Turnage, for plaintiff in error.

Vilas V. Vernor, for defendant in error Alfred B. Gibson.

S. E. Gidney and Jno. M. Gidney, for defendant in error Frank Bradley.

HEFNER, J. This action was brought in the district court of Muskogee county by Solon Gibson, as next friend and legal guardian of Alfred B. Gibson, a minor, against Rose Smith and Frank Bradley to declare a resulting trust in certain real estate located in that county.

Plaintiff alleges that on and prior to November 17, 1925, Rosella Bradley, since deceased, was the owner of the land here involved, together with other land, and that on that day she executed and delivered separate deeds thereto to defendant Rose Smith. That a contemporaneous oral agreement was entered into between the parties at the time of the execution thereof. That defendant Smith was to hold title thereto in trust for the use and benefit of plaintiff, who is a minor son of deceased. That defendant Rose Smith violated this agreement in that she now claims to be the owner in fee of the land and is collecting and appropriating to her own use the rents and the profits.

Defendant Smith answered, denying the trust agreement, and affirmatively pleaded that an absolute fee-simple title was conveyed to her by the deed. Defendant Bradley answered, claiming an interest in the land as an heir and surviving husband of Rosella Bradley, deceased, and asked cancellation of the deed upon the ground of mental incapacity of the grantor and also on the ground that the execution thereof was induced by undue influence on the part of defendant Rose Smith in order to defeat him of his right of inheritance.

The trial court found the issues in favor of defendant Bradley and entered a decree canceling the deed because of mental incapacity of the grantor.

Defendant Rose Smith appeals and asserts that the judgment is against the clear weight of the evidence. The evidence is conflicting. Dr. Morrison, who waited upon deceased during her last illness, testified that she was mentally bright and remained so to the last, and that in his opinion she was mentally competent to transact business on the day on which the deed was executed. Dr. Reynolds, another physician who was also called upon to treat deceased, testified to the contrary. Other witnesses, who were acquainted with deceased and visited and nursed her, testified that her mental condition was bad and had been so for several weeks prior to the day on which the deed was executed. Z. W. Crumbie, who was the tenant of deceased and farmed the land in question, testified that her mind commenced to fail in the latter part of October. That she became so weak mentally that she was no longer competent to transact business and that he was compelled to take up business matters with her sister. In answer to a question propounded by the court, this witness stated that in his opinion her mental condition was such on the day that deed was executed that she did not realize, understand, or appreciate what she was doing. Several witnesses also testified on behalf of defendant Smith that they visited deceased repeatedly during her last illness and that she seemed mentally bright. After hearing this conflicting evidence, the court, among others, made the following finding of fact:

"The court is of the opinion and finds that her condition was such at the time she executed the deeds that she did not understand and appreciate her acts in executing the two deeds. The court finds that she was not capable and not in condition to make a deed, and that her mental condition was such that she could not appreciate and understand the consequences of her acts."

We cannot say that this finding is against the clear weight of the evidence.

Appellant demurred to the answer and cross-petition of the defendant Frank Bradley on the ground that it did not plead a cause of action against her. The demurrer was overruled. This ruling is assigned as error. It is claimed that the pleading is defective because the allegations thereof are inconsistent and contradictory. The pleading is in the alternative. It seeks cancella-

tion on the ground of mental incapacity of the grantor and also pleads that in the event the court should find against him on this issue, he is entitled to cancellation on the ground that the deed was executed because of the undue influence exercised by defendant Smith. We do not think the pleading subject to demurrer on this ground. In the case of Garfield Oil Co. v. Crews, 134 Okla. 229, 273 Pac. 228, this court announced the following rule:

"Where a petition sets forth that a certain contract was void and further pleads the same has been violated, such statement merely consists of a pleading in the alternative, and is not on that account subject to demurrer."

Appellant next contends that the court erred in not abating the action. In his answer he pleads that another action was then pending in the same court between the same parties covering the same subject-matter. The record in the former action is not before us. At the conclusion of the evidence counsel requested permission to make a showing that another suit was pending before the court between the same parties covering the same subject-matter here involved. In response thereto the court stated that its attention was not called to the prior suit before the commencement of the trial; that counsel made no mention thereof in his opening statement and that it relied upon counsel's statements as to the issues involved. It then made an order dismissing the prior suit. In the case of Moore v. Hopkins (Cal.) 23 Pac. 318, the court said:

"A dismissal of a prior action may be made and judgment entered at any time before the trial of the second action is completed. Dyer v. Scalmanini, 69 Cal. 639; Hixon v. Schooley, 26 N. J. L. 461; Averill v. Patterson, 10 N. Y. 501."

In 1 Ruling Case Law, p. 11, the author announces the following rule:

"The modern rule seems to be that the objection of a former suit pending is removed by its dismissal or discontinuance, even after plea in abatement in a second suit, unless this was brought for the purpose of vexation. In fact, it has been held that a judgment of dismissal of a former action, entered after the trial of a second action has commenced, but before its conclusion, is a sufficient answer to a plea in abatement of the second action."

See, also, Barrett v. Whitmore (Wyo.) 207 Pac. 71; Bates v. Chesebro, 32 Wis. 594; Wilson v. Milliken (Ky.) 44 S. W. 660.

Appellant relies on the case of Myers v. Garland, 122 Okla. 157, 252 Pac. 1090. We do not think this case controlling, as the facts are materially different. In that case the former action was filed in a different court and was still pending at the time the plea in abatement to the second action was sustained. This court affirmed the judgment of the trial court abating the action. In the instant case both actions were pending in the same court. A dismissal as to the first was entered before the plea in abatement was denied. The plaintiff who filed the first action was before the court and made no objections to its dismissal. There is no showing that appellant, who was defendant in the former suit, could legally have objected to its dismissal. We think these facts distinguish the instant case from the case above cited. There was no error in overruling the plea in abatement.

Appellant also contends that the court erred in denying his request for written findings of fact and conclusions of law. The court in open court orally stated its findings of fact and conclusions of law, which were taken by the court reporter and by him transcribed and are made a part of the record. After having stated its findings and conclusions, the court made an inquiry of counsel as to whether further findings of fact were desired. Counsel replied that he stood on his prior request. We think the court substantially complied with the statute in this respect. Stone v. Spencer, 79 Okla. 85, 191 Pac. 197. In that case the court's findings of fact and conclusions of law were dictated to the court reporter as in the instant case. The court held this a substantial compliance with the statute.

The assignment that the court erred in admitting in evidence a certain trust instrument executed by defendant Rose Smith need not be discussed, as, under the view taken, this question becomes immaterial. The trial court did not sustain the trust, but held the deed void because of mental incapacity of the grantor. Having held that the evidence supports this finding, the trust question becomes immaterial. The same may be said of the contention of the plaintiff that the court erred in not decreeing a resulting trust in his favor.

Appellant finally contends that the judgment should be reversed because the trial court failed to read the pleadings prior to the trial. It appears from the record that during the progress of the trial the court made the statement that it had not read the pleadings. We can see no merit to this contention. The issues were clearly stated by counsel to the court. It was familiar with the questions involved. Appellant was not prejudiced by failure of the court to read the pleadings.

Judgment is affirmed.

RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON and ANDREWS, JJ., absent.