## OKLAHOMA PRESS PUBLISHING CO. v. GULAGER.

No. 21391.   May 8, 1934.

Joseph C. Stone, Charles A. Moon, Francis Stewart, Henry Vance, and Charles Bliss, for plaintiff in error.

B. L. Keenan, for defendant in error.

SWINDALL. J. On the 16th day of July, 1924, the Oklahoma Press Publishing Company, a corporation, published in the columns of its newspaper, the Muskogee Daily Phoenix, certain language of and concerning W. M. Gulager. On the 21st day of July, 1924, W. M. Gulager commenced an action for libel against said company and certain of its officers and employees in the district court of Muskogee county, Okla. Service of summons was obtained on the same date, July 21, 1924. Thereafter, on July 23, 1924, W. M. Gulager filed his petition for libel in the district court of Cherokee county, Okla. Praecipe for summons was not filed therein until July 3, 1925, and service not obtained until July 9, 1925. It appears that the petitions in the two cases are identical, except as to the jurisdictional clauses, rely upon the same language and publication, and name the same defendants. Prior to the trial all defendants except the Oklahoma Press Publishing Company were discharged in each case. On its motion to quash filed August 13, 1925, and heard February 26, 1926, in the Cherokee county case, defendant presented the issue in abatement, among others, that a prior action was pending in Muskogee county. Upon being overruled, it saved its exception, then commenced an original action in the Supreme Court for writ of prohibition to prevent further proceedings in Cherokee county. The opinion of this court in that action was filed February 14, 1928, styled, State ex rel. Oklahoma Press Publishing Company v. District Court of Cherokee County, reported in

129 Okla. 210, 264 P. 154. After the order of this court in that cause was entered, in a demurrer defendant again asserted as ground for dismissal the prior action pending, saved its exception on being overruled; and, again, in its answer filed October 24, 1928, reasserted its plea, and attached as exhibits copies of the proceedings in the Muskogee county case. The trial court, on motion, struck such portions of defendant's answer as related to the Muskogee proceedings, to which action defendant saved its exception. Defendant again raised the issue by motion for change of venue and to abate, and introduced a transcript of the proceedings in the Muskogee county case in evidence without objection. This motion and an objection to the introduction of evidence and motion to abate were heard on the day of trial, December 6, 1929, and overruled, on the theory, as shown by the record, that this court in its opinion denying the writ of prohibition had decided the question adversely to defendant. Defendant preserved its record and went to trial on the merits. The verdict and judgment appealed from were entered. Defendant gave notice of appeal, filed its motion for new trial assigning, among others, error of the court in denying its repeated efforts to have the action abated, and brought the case here in the regular manner. The record shows that numerous proceedings were taken in the Muskogee county case, that it was set for trial on motion of plaintiff as late as October 28, 1929, and stricken from the trial docket on that day. No showing was made that it has ever been dismissed.

The plea in abatement in the answer, which was stricken out by order of the court and later presented at the trial in a motion, and evidence offered in support thereof, and considered by the court, and the plea again denied, was properly incorporated in the answer, and the pleadings should have been amended after the evidence was offered to conform to the proof offered in support of the motion without objection. The amendment which ought to have been allowed, if leave to make it had been asked in the trial court to conform it to the evidence adduced without objection, will be regarded on appeal as having been made. Atlas Assurance Co., Ltd., v. Leonard, 108 Okla. 150, 234 P. 771; Stuart v. Mayberry, 105 Okla. 13, 231 P. 491.

The first, and determinative, question propounded on this appeal is whether the district court of Cherokee county committed error in denying defendant's plea in abatement that another prior identical cause was pending in Muskogee county.

The opinion of this court denying the writ of prohibition, cited supra, discloses that the question now raised was not passed upon; that it denied the writ on the theory that prohibition was not a proper remedy. It used the following language from the single case relied upon—State ex rel. Johnson v. Withrow, Judge (Mo.) 18 S. W. 41:

"'* * * The circuit court having jurisdiction of this class of cases and over the persons of the defendants, how was it to know that by reason of the action of the parties in another court it had become improper for it to further have and keep jurisdiction of the case? The answer is apparent at once. **It must be done by a demurrer or answer, under our practice.** * * * If it did not appear on the face of the petition, then they were required to make their objection by answer.

"'* * * For the purposes of this case it is sufficient to determine that the circuit court of St. Louis had jurisdiction of the action against relators. If it did, then prohibition will not lie, and the fact that it **may erroneously decide** some of the questions before it will not alter the case.'"

The question is not new in this jurisdiction, and is settled adversely to defendant in error. It was decided in Myers v. Garland, 122 Okla. 157, 252 P. 1090, that a plea in abatement on the ground of a prior action pending was properly sustained; and the court, in sustaining the plea, said:

"It is, in effect, this, that where a plea of another action pending is interposed to work an abatement and a dismissal of a suit, the action pleaded shall be considered as pending, if it is between the same parties, and involves the same cause or causes of action, and is in a court which has jurisdiction of that class or character of action, and this is true, until the right of the first court invoked to hear and determine the particular cause has been finally adjudged."

The rule was at least recognized and treated as applicable in the following cases: Jay v. Zeissness, 6 Okla. 591, 52 P. 928; Dean v. Storm, 47 Okla. 358, 148 P. 732; Burks v. American Nat. Bank, 89 Okla. 62, 213 P. 301; Brockman v. Roberts, 89 Okla. 57, 213 P. 545; Dardenne v. Daniels, 101 Okla. 201, 225 P. 152; and Smith v. Gibson, 150 Okla. 101, 300 P. 797. Our statute, section 201, O. S. 1931 (268, C. O. S. 1921), provides that the defendant may demur to the petition only when it appears on its face: "Third. That there is another action pending between the same parties for the same cause." Otherwise, section 203, O.

S. 1931 (270, C. O. S. 1921), the objection may be taken by answer. See, also, Murchison Nat. Bank v. Broadhurst et al. (N. C.) 148 S. E. 452. We think this authority conclusive of the proposition that the pendency of a prior action or suit for the same cause or causes, between the same parties, in a court of competent jurisdiction, will abate a later action or suit in a court of the same jurisdiction, where the issue is properly raised. This principle is stated as the law in 1 Corpus Juris, p. 45, et seq., with the qualification in some jurisdictions that where the reason for the rule—unnecessary vexatiousness of the defendant—fails, it will not be applied. If that qualification is available in this jurisdiction, it must be in a case where plaintiff shows necessity, because ordinarily unnecessary vexatiousness follows from the multiplicity of suits. No doubt·the Muskogee county action was pending prior to the institution of the action in Cherokee county. Owens v. Clark, 154 Okla. 108, 6 P. (2d) 755; Montgomery v. Hogan, 76 Okla. 243, 185 P. 81. The parties were the same. That the causes are the same, see: Owens v. Clark, supra, Galligan v. Sun Printing Ass'n, 25 Misc. 355, 54 N. Y. S. 471; Murray v. Galbraith, 86 Ark. 50, 109 S. W. 1011; Thomas v. Rumsey, 6 Johns. (N. Y.) 31; MacDougall v. Knight, L. R. 25 Q. B. Div. 1. A test of identity of causes of action, where pendency of one is pleaded in abatement, is whether judgment in such case would support a plea of res adjudicata in the other. Brown et ux. v. Polk et al. (N. C.) 160 S. E. 357. Defendant raised the issue at every possible stage of the proceedings prior to the trial, finally presenting it on "motion" immediately before and at the trial, after having it improperly stricken from its answer. At that time the prior action was still pending. At common law the plea was effective on the sole condition that the first action was pending at the time the second was filed. 1 Chitty's Pl. 454; 1 C. J. 94; Barrett v. Whitmore, 28 Wyo. 495, 207 P. 71. But it is now the generally accepted rule that it is a good reply to such a plea that the former suit has been dismissed before the hearing on such plea, but not after. 1 C. J. 94, and cases cited; Barrett v. Whitmore, supra. Smith v. Gibson, 150 Okla. 101, 300 P. 797, seems to suggest that the prior action may be dismissed at any time before the conclusion of the trial on the merits. It relies upon several cases, only one of which supports its statement—Moore v. Hopkins (Cal.) 23 P. 318, which itself relies upon three cases not supporting it—and upon 1 R. C. L., p.

11, which says, "In fact it has been held," states the rule, and cites Moore v. Hopkins. It distinguishes itself from cases of the present class, but in so far as it may be taken to mean that a defendant may not submit his plea before entering trial on the merits and that the court may overrule the plea on dismissal after its submission, the case is disapproved. Myers v. Garland, supra, held the defendant entitled to such right, for otherwise it would have been improper for the court to have sustained the plea before the conclusion of the trial. The rights herein were fixed, if not sooner, as of the time of the submission of the plea immediately before the trial.

Defendant in error relies upon one case —Brink v. Bartlett, 146 Okla. 111, 294 P. 106—which he contends permits the prosecution of two actions concurrently, the first one reaching final judgment barring the other. The case decided the latter point, but in no manner held the former. That the defense of prior action pending may be waived by failing to plead it was decided in Brockman v. Roberts, 89 Okla. 57, 213 P. 545, and evidently such was the case in Brink v. Bartlett.

We, therefore, hold, that the defendant was entitled to have its plea in abatement for prior action pending decided prior to entering trial on the merits, and that under the facts in this case such plea should have been sustained, and the cause in Cherokee county district court dismissed.

Cause reversed and remanded to the district court of Cherokee county, Okla., with directions to sustain the plea in the nature of a plea in abatement.

CULLISON, V. C. J., and McNEILL, OSBORN, and WELCH, JJ., concur.