## HOLLOWAY MATERIAL & SUPPLY CO. v. HAMMOND et al.

No. 29140.   March 26, 1940.

*100 P. 2d 844.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

Frank Hickman, of Tulsa, for defendants in error.

CORN, J. This is an appeal from a judgment of the common pleas court of Tulsa county. The parties occupy the same position here as in the court below and will be referred to as plaintiff and defendants, respectively.

July 23, 1932, plaintiff sued defendants in the justice of the peace court on an open account in the sum of $129.12. In both the bill of particulars and summons they were designated R. L. Hammond and Mrs. R. L. Hammond. July 30, 1932, a default judgment was issued against defendants designated. September 7, 1932, an execution issued upon this judgment and was returned "nothing found."

In 1937, this judgment was trans-scripted to the district court and defendants learned their property was advertised for sale under execution based upon the judgment rendered in the justice of the peace court on July 30, 1932. Defendants filed motion to recall execution on the ground the property was a homestead. Upon hearing, the district court concluded he was without jurisdiction, such abstract of judgment appearing regular upon its face.

Defendants then filed motion in the justice of the peace court to set this judgment aside upon grounds they had never been served with summons and the judgment was irregular. Defendants also commenced a separate action in the district court to restrain the sale under execution. At the hearing for temporary injunction it developed the judgment rendered was against R. L. Hammond and Mrs. R. L. Hammond, who had been served July 25, 1932, and against whom the default judgment had been rendered July 30, 1932.

The justice of the peace court docket revealed that on March 26, 1937, plaintiff's attorney had presented a motion asking that this judgment be corrected, but the motion was not acted upon. However, in preparing the abstract of judgment to the district court the justice of the peace made the transcript show the judgment as against R. C. Hammond and Mrs. R. C. Hammond. The district court issued injunction, enjoining plaintiff from proceeding under the judgment of July 30, 1932.

The record reveals plaintiff's attorney thereafter filed a "confession" of defendants' motion to vacate the judgment in the justice of the peace court, and this was sustained over defendants' objection that the justice of the peace was without jurisdiction, and the case was set for trial. Defendants' objections to the jurisdiction of the justice of the peace were overruled and default judgment was rendered against defendants, from which judgment they appealed to the common pleas court.

In the common pleas court defendants urged:  (1) The justice of the peace was

without jurisdiction to render this judgment now complained of; (2) present action having been commenced against defendants when first judgment was vacated September 15, 1937, and cause of action being based upon sale of merchandise furnished prior to 1932, plaintiff's action was thus barred by the statute of limitations.

The common pleas court held that the present action was commenced by the act of the justice of the peace on September 15, 1937, and the cause of action having accrued in 1931, same was barred by the statute of limitations. From this judgment the plaintiff has appealed, upon the ground the judgment of the lower court was erroneous, not sustained by the evidence, and contrary to law; and the statute of limitations did not apply.

The action in the instant case was begun by the filing of the bill of particulars and issuance of process, July 23, 1932, and upon that date an action was begun and the justice of the peace acquired jurisdiction of the subject matter of the action. Bankers Mortgage v. Leisure, 172 Okla. 170, 42 P. 2d 863; Owens v. Clark, 154 Okla. 108, 6 P. 2d 755; Montgomery v. Hogan et al., 76 Okla. 243, 185 P. 81.

Nothing further was done until defendants proceeded in the district court to resist the execution based upon the transcript of judgment from the justice peace court. Then, in September, 1937, defendants filed their "motion to vacate default judgment," rendered July 30, 1932, seeking to reopen the cause to give them opportunity to defend, on the grounds the judgment was void because they were neither served with summons nor notified of the pendency of the action. In this motion defendants further asserted they had a meritorious defense to plaintiff's cause of action, and were not indebted to plaintiff in any sum whatever.

It has been the uniform holding of this court that where a motion to vacate raises questions going to the jurisdiction of the court and which can be heard only upon special appearance, and the motion also raises nonjurisdictional questions, a general appearance will be held to have been entered. See Raymond v. Nix, 5 Okla. 656, 49 P. 1110; Rogers v. McCord-Collins Merc. Co., 19 Okla. 115, 91 P. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114 P. 738; Welch v. Ladd, 29 Okla. 93, 116 P. 573; Ziska v. Avey, 36 Okla. 405, 122 P. 722; City Nat. Bank v. Sparks, 50 Okla. 648, 151 P. 225; Jameson v. Harvel, 139 Okla. 39, 280 P. 1080; Leslie et al. v. Spencer, 170 Okla. 642, 42 P. 2d 119; Gaghagen v. Lehmer, Ex'r, 170 Okla. 372, 40 P. 2d 1046.

Thus, when defendants presented their motion to vacate the default judgment they entered their general appearance, which related back to the time of filing the action, and the justice of the peace acquired jurisdiction to render the judgment, their general appearance waiving the defects in the summons.

Although the first judgment rendered by the justice of the peace was purportedly vacated, we are not called upon to pass upon the question of the power of the justice of the peace to vacate a judgment after the expiration of ten days.

The defendants filed their motion to vacate this first default judgment and plaintiff thereafter confessed the motion to vacate. Since no appeal was taken from this judgment nor the action of the justice of the peace in vacating same, the question is not before this court.

The bill of particulars showed upon its face that the cause of action sued upon was not barred by the statute of limitations at the time the action was filed. Since the defendants could not, upon appeal to the court of common pleas, avail themselves of a defense not available to them when the action was brought, it becomes apparent that the trial court erred in rendering judgment for defendants upon the ground the action was barred by the statute of limitations.

The judgment is reversed and the cause remanded, with directions to the trial court to proceed in a manner consistent with the views herein expressed.

BAYLESS, C. J., and RILEY, HURST, and DAVISON, JJ., concur.