## MOORE v. MOORE.

### No. 13706—Opinion Filed Nov. 21, 1922.

(Syllabus.)

**Divorce—Alimony—Appealable Order.**
An order allowing alimony and attorneys' fees pendente lite is not such an order as is reviewable by the Supreme Court in a proceeding in error, and such an appeal will be dismissed.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Sampson Moore against Lizzie Moore for divorce. From order allowing plaintiff alimony and attorneys fees pendente lite, defendant brings error. Appeal dismissed.

Kent V. Gay, for plaintiff in error.

A. C. Sewell, for defendant in error.

KENNAMER, J. Sampson Moore, plaintiff, commenced this action in the district court of Pittsburg county on May 27, 1922, to obtain a decree of divorce from Lizzie Moore, defendant.

Thereafter, on the 8th day of August, 1922, the plaintiff presented to the court an application for allowance for attorneys' fees, suit money, and for support pending determination of the action. The court, after hearing the application, made an order for the defendant to pay the plaintiff attorneys' fees in the sum of $250, suit money in the sum of $100, and $50 per month during the pendency of the action; and decreed the plaintiff a lien upon certain personal property of the defendant.

Lizzie Moore, defendant in the action, prosecutes this appeal to reverse the order of the trial court.

The defendant in error, Sampson Moore, has filed a motion to dismiss the appeal upon the ground that the order attempted to be appealed from is not an appealable order.

In the case of the State ex rel. Blackaby v. Cullison, Judge, 31 Okla. 187, 120 Pac. 660, it was held by this court that an order allowing alimony and attorneys' fees pendente lite is not an appealable order. We therefore conclude that the motion to dismiss the appeal should be sustained.

Counsel for the plaintiff in error argues that the order of the trial court is void, in that it attempts to decree a lien upon the property of the plaintiff in error, who is a restricted Indian and under guardianship by reason of incompetency. It is not necessary to consider these questions on this appeal, as the same may be presented to the trial court if any effort is made to enforce the order made by the court.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.

KANE, JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.