### BROWN v. BROWN.

No. 20198.   Opinion Filed July 7, 1931.

Cress, Tebbe & Cress, for plaintiff in error.

T. J. Sargent and Irvine D. Ross, for defendant in error.

CLARK, V. C. J.   This action was com-

menced in the district court of Noble county by plaintiff in error, plaintiff below, against defendant in error, defendant below.

Plaintiff brought an action for divorce, alimony, suit money, attorney fees, and cost on July 31, 1928. The Honorable Claude Duval, district judge, made an order granting alimony, suit money, and attorney fees and cost pendente lite. The order was for $100 temporary alimony per month, $350 attorney fees, and $20 suit money.

On August 8, 1928, defendant filed motion to modify said order, which motion alleged, in part, as follows:

"He further shows to the court that he is a man 46 years of age; that he has only a limited amount of property; that he has three minor children who look to him for a portion of their support; that the property which he has is of such limited amount as to make it very difficult for him to provide the necessities of life. He further shows to the court that he has almost no cash with which to comply with the said order, and that it is not only unjust for him to have to pay the amount as set forth therein, but that it is impossible for him to meet the requirements of said order; that he has not sufficient credit to enable him to procure a loan to the extent of the order, and that, therefore, it is impossible for him to comply therewith.

"He further shows to the court that he should not be required to make said payments as provided in said order, for the reason that he is not now and never has been the husband of said plaintiff, and that said action for divorce is wholly without foundation."

On September 6, 1928, before the Honorable W. E. Rice, district judge, a hearing was had and evidence taken on said motion. At the conclusion of said evidence, the court made the following order:

"The court, being fully advised in the premises finds: that the following ground of the defendant's motion to modify the court order, to wit:

"'He further shows to the court that he should not be required to make said payments as provided in said order for the reason that he is not now and never has been the husband of said plaintiff, and that said action for divorce is wholly without foundation,'

—"is well taken, and the same grounds should be sustained, and that the order made by Judge Duval in chambers on the 31st day of July, A. D. 1928, should be modified and the defendant relieved from making the payment as provided in said order for the reason that the defendant is not now and never has been the husband of the said plaintiff. Said order made by Judge Duval, as aforesaid, should be vacated and set aside, to which finding of the court the plaintiff excepted and excepts, and the exceptions are allowed by the court.

"It is therefore considered, ordered, adjudged, and decreed that the order of this court made and rendered the 31st day of July, A. D. 1928, by Judge Duval, in chambers, should be, and the same is, hereby modified, vacated, and set aside, and is held for naught, to which action and order of the court the plaintiff excepted and excepts, and the exceptions are allowed by the court."

Thereafter plaintiff filed her motion for a new trial; same was overruled, and she brought the case here for review. Plaintiff in error contends that the court erred in vacating the order allowing alimony and attorney fees and court cost, for the reason the same is contrary to the law, as announced by this court. Section 506, Comp. Stats. 1921, is as follows:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court or a judge thereof in vacation, may make and enforce by attachment such order to restrain the disposition of the property of the parties, or of either of them, and for the use, management, and control thereof, or for the control of the children and support of the wife or husband during the pendency of the action, as may be right and proper; and may also make such order relative to the expenses of the suit as will insure an efficient preparation of the case; and on granting a divorce in favor of the wife, or refusing one on the application of the husband, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each."

Petitioners cite many cases holding that the trial court has authority to make an order for alimony and attorney fees pendente lite. The statutes say the court may make such an order. This leaves such an order in the sound discretion of the court.

Where the marriage relation is denied by the defendant, and the court makes an order vacating the order allowing temporary alimony, it was not an abuse of discretion. Plaintiff in error contends that the filing of the verified petition made out a prima facie case; thereupon plaintiff in error was entitled to alimony, suit money, and attorney fees.

Whatever hardships may result, the court cannot take lawfully, by final decree, money from A. and give it to B., whatever may be the necessity of B., when A. disputes the

facts upon which his liability is made to depend, without a trial and determination of the issues made. Hardship to B. cannot be modified by the imperative rule of law and the absolute constitutional guaranty. In such a trial, and there can be no such finding, when a man is merely called into court to see whether one who claims to be his wife has in her pleadings and affidavits made a prima facie case, he must be heard and be allowed to submit evidence which must be considered in determining as to the fact of marriage. The application of alimony cannot be considered a separate suit, but is a proceeding for separate judgment, which, when granted, has nothing to do with the final judgment in the case and will not be affected by it.

The defendant had a right to present his motion, and, on the issues raised, the court was vested with power to vacate the order granting alimony, suit money, and attorney fees. This being within the sound discretion of the court, the same will not be disturbed by this court on appeal.

Judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.