BAKER v. CARTER, Judge.

No. 27751.   May 4, 1937.

Carland Smith and Joe Brown, for applicant.

Claud Briggs and Tom Payne, for respondent.

HURST, J.   The question before us is whether the defendant in an action for divorce can be compelled to comply with an order requiring him to pay temporary alimony and attorney fees, before he is entitled to a hearing on the issue of the existence of the marital relation, raised in his motion to dissolve such order. The controversy arose in the following manner:

On December 19, 1936, Ernestine Baker sued Billy Baker for divorce on the ground of habitual drunkenness and extreme cruelty. She alleged that she was his lawful wife and that they were married in Independence, Kan., on September 12, 1936; that he has property worth about $50,000, which

is in the custody of the Indian Agent; and she prayed for divorce, for $25,000 alimony, for the furniture and automobile, for $5,000 attorney fees, for $100 per month temporary alimony and for a restraining order. On the same day the court made an order requiring defendant to pay $100 per month temporary alimony and $2,500 attorney fees and enjoined defendant from molesting plaintiff in the possession of the household goods and the automobile. The defendant filed a motion to dissolve this order on the ground that he is a full-blood Seminole Indian and the plaintiff is of African descent and that their purported marriage is null and void. Thereupon plaintiff filed a motion to strike from the files this motion of defendant, for the reason that he should not be permitted to file any pleading until he had complied with the court's order and paid the temporary alimony and attorney fees. The court sustained this motion and gave defendant ten days to comply with the order. Defendant then filed in this court his petition for a writ of prohibition to prevent the enforcement of said order until he has had a hearing on his motion to dissolve.

If it is a fact that plaintiff is of African descent and the defendant is a full-blood Indian, then their marriage is a nullity. Section 1677, O. S. 1931. This is so even though the marriage was contracted in another state, the parties being residents of this state. Eggers v. Olson (1924) 104 Okla. 297, 231 P. 483. Since marriage is the essential foundation to allowance of alimony, it is generally held that in applications for alimony pendente lite, where the existence of the marriage is denied, no order for the same can be properly enforced until a hearing has been had by the court and the relation of husband and wife found to exist. McKenna v. McKenna (1897) 70 Ill. App. 340; Hite v. Hite (1899, Cal.) 57 P. 227; Keifer v. Keifer (1894, Colo. App.) 36 P. 621; Shaw v. Shaw (1894, Iowa) 61 N. W. 368; Litowich v. Litowich (1878) 19 Kan. 451. For collection of cases to same effect see 19 C. J. 212, note 38. The adoption of this rule in this state has been suggested by dictum in Brown v. Brown (1931) 150 Okla. 217, 1 P. (2d) 167, where it was held that the vacating of an order allowing temporary alimony, suit money, and attorney fees was no abuse of discretion when, upon a hearing, it was shown that no marriage relation existed. Although a hearing was had in that case, the court indicated that defendant had the right to present his motion and be heard on that issue, where the existence of the marriage relation is attacked, and adopted the language of Hite v. Hite, supra. We hold, therefore, that the defendant cannot be compelled to pay the temporary alimony and attorney fees ordered by the court until he has had a hearing on his motion to dissolve, and the marriage relation shown to exist.

This does not conflict with the elementary principle that the allowance of temporary alimony and attorney fees is within the sound discretion of the trial court, for, inasmuch as alimony, temporary or permanent, is based on the existence of a marriage relation, this fact, if denied, must be shown to exist before the court is authorized to exercise any discretion. Also it is important to note that there is a clear distinction between the instant case and the line of authority allowing a wife attorney fees to defend an action for annulment brought against her by her husband, even though annulment is ultimately granted. Whitebird v. Luckey, 180 Okla. 1, 67 P. (2d) 775. In such case, both parties recognize the existence of a colorable marriage, but the plaintiff claims it is voidable, and the wife that it is valid. In the instant case, the defendant does not assert that the marriage is voidable, but that it is void, and nonexistent.

Under the rule announced, the burden on plaintiff in requiring her to litigate this issue before receiving temporary alimony and attorney fees is not as great as the burden that may be imposed on the defendant if it appears that the marriage is in fact a nullity. If it appears that the marriage is valid, the court can still assess alimony and attorney fees to fully protect the welfare of the plaintiff, but if it appears that the marriage is a nullity, "it would be monstrous that the law should require the payment of alimony pendente lite to one who clearly never was a wife." Reed v. Reed (1905, Miss.) 37 So. 642.

Inasmuch as an order allowing temporary alimony, attorney fees, and suit money is not an appealable order, prohibition is the proper remedy available to the defendant in the case at bar. Redcorn v. District Court of Eighth Judicial District (1930) 141 Okla. 237, 284 P. 1113.

We hold that the respondent, in striking from the files the motion to dissolve the restraining order and order for payment of temporary alimony and attorney fees,

and in refusing to give petitioner a hearing thereon, made an excessive and unauthorized application of judicial force. Accordingly, the alternative writ of prohibition is made permanent, and the respondent is prohibited from proceeding further in said action until he shall vacate the order striking the motion of petitioner, and shall reinstate the same and give petitioner a hearing thereon, in accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and BUSBY, JJ., concur.