## POWELL v. POWELL.

No. 30327. Dec. 8, 1942.

*131 P. 2d 1019.*

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for plaintiff in error.

George H. Jennings, of Sapulpa, for defendant in error.

OSBORN, J. This action was instituted in the district court of Creek county on October 20, 1937, by Josephine Powell, hereinafter referred to as plaintiff, against John Powell, hereinafter referred to as defendant, as an action for divorce and alimony. Issues were joined, the cause was tried to the court, and a decree of divorce was entered in favor of plaintiff, and plaintiff was awarded permanent alimony and attorney's fees. From said judgment and decree, defendant has appealed.

Plaintiff alleged that on February 10, 1937, she and defendant entered into an oral contract of marriage; that they immediately assumed such relationship and since that date had been husband and wife; that defendant had been guilty of extreme cruelty toward plaintiff and had lived in open and notorious adultery with another woman. Defendant denied that he had ever entered into a marriage contract with the plaintiff and alleged that both plaintiff and defendant were incapacitated from entering into such relationship for the reason that at the time of the alleged oral contract of marriage plaintiff was married to one Willie Roberts and that defendant was married to one Sally Powell.

When the cause came on for trial, the court sustained objections to the introduction of evidence with reference to the incapacity of the parties to enter into the alleged contract of marriage on the ground that the relationship of husband and wife between the parties had been established in a former hearing before the court and that the issue was res judicata. Defendant excepted to the rulings of the court with reference to the introduction of such evidence.

As his principal grounds for reversal of the judgment, defendant urges that the trial court erred in its application of the rule of res judicata.

It appears that during the pendency of the action a number of orders were entered with respect to the payment of temporary alimony, attorney's fees, and expense money. On January 28, 1938, a hearing was had before Honorable S. L. O'Bannon, then judge of the district court of Creek county, upon a motion of defendant to vacate an order for temporary alimony, attorney's fees, and expense money theretofore made. The order of the court, entered pursuant to said hearing, is, in part, as follows:

"And thereupon, the court heard the testimony offered in support of defendant's motion to modify and vacate said order, and upon oral motion of the defendant to vacate for the alleged reason that no marriage relationship existed between the plaintiff and defendant herein, and the court having heard the evidence offered upon said issues, and being well and sufficiently advised in the

582

premises, and on consideration thereof, finds:

"That the plaintiff and defendant entered into a common law marriage relationship, as alleged in plaintiff's petition, and that the parties are now, and were at the time of the filing of the petition herein, husband and wife, and the court finds that the motion of the defendant to vacate and modify said order should be and the same is hereby overruled."

It was the view of the trial court that the above-quoted language constituted an adjudication of the validity of the marital relationship.

Plaintiff relies upon the cases of Baker v. Carter, 180 Okla. 71, 68 P. 2d 85, and Brown v. Brown, 150 Okla. 217, 1 P. 2d 167. In these cases it is pointed out that since marriage is the essential foundation to allowance of alimony, it is generally held that in applications for alimony pendente lite, where the existence of the marriage is denied, no order for the same can be properly enforced until a hearing has been had by the court and the relationship of husband and wife is found to exist. These authorities do not go to the point involved here. We must here determine the ultimate effect or result of a finding upon the issue of the marriage relationship made pursuant to a hearing upon an application for temporary or incidental relief.

We do not find that this court has passed upon the precise question thus presented. In the case of Bannon v. Bannon, 270 N. Y. 484, 1 N. E. 2d 975, 105 A. L. R. 1401, it was held that a finding, on an application in a separate action for alimony pendente lite, that the relation of husband and wife did not exist between the parties, is not such a final determination of the facts as to be res judicata. The conclusion proceeds from the premise that an essential element of a conclusive adjudication is finality of the proceedings. The court said that although an interlocutory judgment may require the immediate performance of acts which irremedially affect the rights of the parties, and in that sense may be final, yet insofar as it purports to decide the issues litigated in the action, the decision is subject to alteration and revision; that the issues which are litigated or may be litigated in an action can be finally adjudicated only by a final judgment on the merits. It was pointed out that if the jurisdiction of the court is limited in scope so that particular questions may be decided only provisionally or for a limited purpose, a decision in any form can be given effect only within the same limits; that in the first hearing the only relief sought, or which the court could grant, was provisional in its nature, and if granted would leave open for subsequent adjudication in the same action every issue of fact raised by the pleadings, but upon the final hearing the questions decided could not be litigated anew in any litigation pending in the same tribunal. The court concluded that "the nature of the first proceeding precluded a final decision of the questions there raised, while the nature of the second proceeding required such decision."

By the overwhelming weight of authority it is held that the findings or order made upon an application for alimony pendente lite in an action for divorce are interlocutory and therefore not res judicata as to the main issue. See annotation 105 A. L. R. 1406; 17 Am. Jur., Divorce and Separation, para. 538, p. 435.

Accordingly, the judgment is reversed and the cause remanded, with directions to grant a new trial.

WELCH, C. J., and BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.