UTLEY v. ROWE, Dist. Judge.

No. 30755. June 1, 1943.

*138 P. 2d 71.*

W. D. Woolley and Green & Farmer, all of Tulsa, for petitioner.

Walter L. Kimmel, of Tulsa, for respondent.

RILEY, J. James A. Utley seeks by this original action a writ of prohibition to restrain the respondent district judge from enforcing orders entered by respondent in a cause of action for divorce in the district court of Tulsa county styled Bertha E. Utley v. James A. Utley.

The original order was ex parte and provided for temporary alimony and attorney's fees. The plaintiff in said action for divorce alleged that she became the common law wife of the defendant on June 20, 1941. The defendant in that action filed application to vacate the order upon the ground that the relation of husband and wife did not exist between the parties. Pending a hearing, held on November 21, 1941, and continued thereafter, upon the issue of whether the relationship of husband and wife existed between the parties to the divorce action, and without a determination of that issue, the court, on December 11, 1941, entered an additional order directing the petitioner to pay temporary attorney's fees, alimony, and suit money to the plaintiff in the divorce action.

The petitioner pleads that under a record filed herein showing all of the proceedings had in the district court, the issue of the existence of a marriage relation, required as a basis for the orders complained of, is negatived. Petitioner relies upon Brown v. Brown, 150 Okla. 217, 1 P. 2d 167, and Baker v. Carter, 180 Okla. 71, 68 P. 2d 85. In the former case it was held, as to such a party ordered to pay temporary alimony, that "he must be heard and be allowed to submit evidence which must be considered in determining as to the fact of marriage."

In the latter case the question presented for issuance of a writ of prohibition was whether the defendant in an action for divorce can be compelled

to comply with an order requiring him to pay temporary alimony and attorney's fee before the conclusion of a hearing on the issue of the existence of the marital relation. This court resolved the issue against the enforcement of such an order. Therein this court recited:

"Since marriage is the essential foundation to allowance of alimony, it is generally held that in applications for alimony pendente lite, where the existence of the marriage is denied, no order for the same can be properly enforced until a hearing has been had by the court and the relation of husband and wife found to exist."

See, also, Whitney v. Whitney, 192 Okla. 174, 134 P. 2d 357; Krauter v. Krauter, 79 Okla. 30, 190 P. 1088; and Whitebird et al. v. Luckey, 180 Okla. 1, 67 P. 2d 775.

The petitioner was not only entitled to a hearing upon the issue of the existing marriage relation prior to the enforcement of the orders, but he was likewise entitled to a finding upon that issue.

A stipulation in lieu of issuance of an alternative writ has been filed herein and the respondent has been granted time in which to file response and answer brief. The time has long since expired and the respondent has wholly made default.

Let the writ issue.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.