### KEENAN v. CULVER.

No. 33222. June 29, 1948.

Rehearing Denied Sept. 14, 1948.

*197 P. 2d 276.*

W. H. Kisner and Bruce L. Keenan, pro se, both of Tahlequah, for plaintiff in error.

Bliss & Bliss, of Tahlequah, and Banker & Bonds, of Muskogee, for defendant in error.

490

ARNOLD, J. Bruce L. Keenan commenced this action in the district court of Cherokee county against L. L. Culver to quiet title to lots 5 and 6, block 34, city of Tahlequah. Judgment for defendant, and plaintiff appeals.

As disclosed by the record of the trial in the lower court, the material facts in chronological order are these:

In 1927 Cherokee county, through the chairman of its board, acquired title to these lots at resale; that in 1928 street improvement district No. 5 was organized in the city of Tahlequah and special assessments for benefits were levied against these lots payable in ten annual installments beginning in 1929 and including 1938; that the title to this property remained in the county until August 1, 1938, when Mrs. Alice Kisner purchased the same from the county commissioners and received a commissioners' deed therefor; that during the assessment period of 1939, these lots were listed for ad valorem taxation in the name of Mrs. Kisner; that none of the special assessments were paid and Mrs. Kisner did not pay the ad valorem taxes after her purchase of the property; that in the 1945 resale these lots were listed and advertised for resale for delinquent and unredeemed ad valorem taxes, the amount of such taxes against said lots being $52.07; that Bruce L. Keenan bid $1,100 at said resale for these two lots, and paid the amount of his bid by check; that after the sale, but before a deed was issued, the county treasurer discovered from an examination of his records that said lots had been erroneously included in the resale and that they had not been sold for delinquent taxes at any prior annual tax sale and upon advice of the county attorney of Cherokee county he refused to issue a resale deed to Keenan; thereupon Keenan commenced a proceeding in mandamus against the county treasurer alone to compel the issuance of said deed and upon hearing thereof the district court granted the writ and the treasurer thereupon issued the resale deed; that in August, 1942, Victory Investment Corporation, a corporation, the holder of the special assessment bonds in street improvement district No. 5, commenced an action to foreclose his lien in the Federal District Court, and on April 2, 1945, a decree of foreclosure was entered; W. H. Kisner, Alice Kisner, and W. H. Kisner, Jr., were defendants in said action; this decree provided that if said lien was not discharged within six months an order of sale should issue against said property; that on October 22, 1945, an order of sale was issued and Culver became the purchaser of said property thereunder for $1,195, and after confirmation of the sale was duly entered he was issued a deed dated January 9, 1946; that Keenan commenced the instant action March 6, 1946.

The parties will be herein referred to as plaintiff and defendant as they appeared in the trial court.

For reversal of the judgment, plaintiff relies upon three propositions, as follows:

1. Error of the trial court in overruling his motion for judgment on the pleadings.

2. Error of the trial court in holding that the county treasurer was without authority to sell these lots in the 1945 resale because there had been no prior sale thereof at annual tax sale and continued unredeemed thereafter for two years prior to the resale.

3. Error of the trial court in permitting defendant to amend its answer to conform to the proof.

Plaintiff's first proposition, when considered in the light of the record, does not disclose error in the ruling of the trial court. Motions for judgment on the pleadings are not favored (Mires v. Hogan, 79 Okla. 233, 182 P. 811). The record disclosed that this case was called for trial December 17, 1946, at which time the parties stipulated as to certain facts and both oral and documentary evidence was introduced; the

defendant was granted permission by the court to amend his answer to conform to the proof and the case was passed for further hearing at a later date. January 21, 1947, plaintiff filed in the office of the court clerk his written motion for judgment on the pleadings. February 16, 1947, the hearing of the case was resumed and plaintiff was granted leave to introduce in evidence the judgment rule in the mandamus proceeding. Thereupon both parties closed their case and the court overruled plaintiff's motion for judgment on the pleadings and rendered judgment in favor of defendant for possession of the lots here involved, quieting his title thereto and for cost of the action. With the record in this condition, we find no ground of error in the action of the trial court overruling the motion for judgment on the pleading.

Plaintiff's second proposition requires brief reference to the evidence disclosed upon the trial. On behalf of plaintiff, the judgment roll in the mandamus proceeding in cause No. 6899 was introduced in evidence by agreement of the parties. The purpose of that proceeding was to compel the county treasurer to execute a resale deed to plaintiff covering the lots here involved pursuant to the provisions of 68 O.S. 1941 §432f. No issue was involved in that proceeding, as shown by the judgment roll, as to the invalidity of the resale proceedings for lack of jurisdiction and authority in the county treasurer to sell these lots at that resale because no prior annual sale of said lots to Cherokee county had been had more than two years prior to the resale. It was a proceeding strictly in mandamus to compel the performance by the county treasurer of a ministerial duty expressly enjoined upon him by law.

Alfred C. Bryan, county treasurer, was called as a witness by defendant, and upon direct cross-examination he testified substantially: that he remembered issuing a resale tax deed to plaintiff in obedience to an order of the district court; that the resale list in question was prepared by one of his deputies and after the sale was held the witness discovered that his records showed no annual sale of these lots, and that he, therefore, refused to accept the purchase price and deed the lots to plaintiff; that plaintiff then began the mandamus proceeding resulting in the order under which he issued the deed; that he was not called as a witness and did not testify in the mandamus proceeding; that to the best of his knowledge and belief no annual sale for delinquent taxes on these lots had been held prior to the resale.

This testimony of the county treasurer is the only evidence disclosed by the record as to the existence or nonexistence of facts which are precedent to the vesting of jurisdiction in the county treasurer to sell property at resale for delinquent taxes. The material language of 68 O.S. 1941 §432, conferring such jurisdiction and authority on the county treasurer, reads:

"If any real estate purchased by the county at delinquent tax sale shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the county treasurer shall proceed to sell such real estate at resale, which shall be held on the second Monday of May each year in each county; . . . ."

Plaintiff's argument, as we understand it, proceeds upon the theory that his resale deed, issued to him by the county treasurer under order of the district court in the mandamus proceeding, cancels the lien of special assessments represented by the decree in foreclosure in the Federal District Court, and that defendant is estopped and precluded from asserting the invalidity of the resale deed so issued. As to the legal effect of his resale deed, plaintiff relies upon and quotes from the case of Strickland v. Patton, 196 Okla. 188, 163 P. 2d 525. The legal question raised and determined in the Strickland case is entirely unlike the

question here presented. In that case there was no question as to the jurisdiction and authority of the county treasurer to sell the lots there involved at the resale, the only question being the effect of a valid resale deed in canceling special assessments. The question presented for determination here is whether an order of the district court in a mandamus proceeding directing the county treasurer to issue the deed, can take the place of the jurisdiction and authority required by law to make a resale of this property. The collection of taxes by sale and resale is strictly statutory and unless the county treasurer has jurisdiction and authority to make a resale of designated property, the mere fact that he obeys an order of the district court and issues a resale deed therefor does not cure any jurisdictional defect in the proceeding leading to the sale nor vest authority in the county treasurer to convey title to the property by executing such a deed.

The doctrine of res adjudicata requires for its application the concurrence of four essential elements. These are: (a) Identity of the subject matter of the action; (b) identity of the cause of action; (c) identity of parties to the action; (d) identity of the capacity of the person for or against whom the claim is made. (Johnson v. Whelan et al., 186 Okla. 511, 98 P. 2d 1103.) None of these essential elements is present in the instant case. The mandamus proceeding was to compel the issuance of a resale deed, while the present action is one to quiet title under such deed. The parties are not the same and their capacities to maintain or defend the action are not the same.

In the case of Swann v. Kuehner, 157 Okla. 37, 10 P. 2d 707, this court was considering a case wherein the jurisdiction and authority of a county treasurer to issue a valid resale deed, where a defect of statutory power so to do was apparent from the record, announced a rule which has been ad-hered to and restated in numerous decisions of this court since that time, that rule being stated in the fourth paragraph of the syllabus in this language:

"There is a material distinction between a resale tax deed issued by one with authority to sell the land at a resale and to issue the deed and a resale tax deed issued by one without authority to sell the land at a resale and to issue the deed."

And, in the sixth paragraph of the syllabus, this court said:

"Unless a resale tax deed was executed by one with authority to sell the land at a resale and to issue a deed, it is in legal effect a mere scrap of paper, and it is not a resale tax deed although so denominated therein, and although it has the general appearance thereof."

We are clearly of the opinion that the order of the district court in the mandamus proceeding requiring the county treasurer to issue a resale tax deed to the plaintiff did not confer upon the county treasurer jurisdiction and authority to sell these lots at the resale, and that, therefore, the deed so executed and delivered under compulsory process was not a valid resale deed and did not vest in plaintiff the title to lots 5 and 6 in block 34 in the city of Tahlequah, and that such deed was ineffective and inoperative to cancel the lien of special assessments, and that the defendant as the purchaser of these lots at the foreclosure sale under the decree of the Federal court has a superior title to that of plaintiff and that the judgment of the trial court in so holding is correct.

Lack of merit in plaintiff's contention under his third proposition has been sufficiently shown by our statement of the circumstances under which the amended answer was permitted by the trial court. We think no further discussion of this question is needed or would be helpful.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, GIBSON, and LUTtrell, JJ., concur.