HOLMES v. SINCLAIR PRAIRIE OIL CO. et al.

No. 34406.    May 2, 1950.

*218 P. 2d 382.*

W. R. Kerr, of Tulsa, for plaintiff in error.

Ralph W. Garrett and Robert L. Imler, both of Tulsa, for defendant in error Sinclair Oil & Gas Company.

Rosenstein, Fist & Shidler, of Tulsa, for defendant in error Arch H. Hyden, administrator.

Richardson, Shartel & Cochran, of Oklahoma City, for defendant in error Atlantic Refining Company.

Carter Smith, of Tulsa, for defendants in error N. B. Feagin and Bar Don Oil Company.

Anglin, Stevenson & Huser, of Holdenville, John Rogers, of Tulsa, and Frank L. Warren, of Holdenville, for defendants in error V. V. Harris and others.

GIBSON, J. Sinclair Oil & Gas Company (formerly Sinclair Prairie Oil Company) and others, some of the defendants in error, recovered judgment upon the pleadings against Caesar Holmes, plaintiff in error, who prosecutes this appeal.

Defendants in error move to dismiss the appeal upon ground it is without merit and frivolous.

The controversy involves the possession and ownership of and accounting for oil and gas produced from southwest quarter of section 16, township 18 north, range 7 east, situate in Creek county, Oklahoma, which was allotted to Lete Kolvin, an enrolled fullblood Creek Indian, who died seized thereof, the ultimate question being who succeeded to the estate in said land.

The action, wherein the issues here involved arise, was instituted by Tat Hawkins and others in the district court of creek county and later transferred to the superior court (Bristow Division) of said county wherein the judgment was rendered. Therein the plaintiffs alleged ownership in severalty of a one-half interest in said land as heirs of said Lete Kolvin. Some, but not all, of the defendants in error were made parties thereto along with other defendants. Other claimants became parties to the suit as defendants and as interveners. Plaintiff in error, Caesar Holmes, intervened therein and by his amended petition in intervention filed therein February 19, 1946, to which all of the defendants in error were made parties defendant, he alleged ownership of one-half interest in said lands, prayed judgment establishing the same and an accounting for a like interest in the production therefrom. Defendants in error filed answers tendering issue thereon. The issue so stood until disposed of by the judgment on the pleadings complained of. No notice of the pendency of said suit was served upon the Superintendent for the Five Civilized Tribes, as authorized by section 3 of the Act of Congress of April 12, 1926, and the United States did not appear as a party therein.

After the filing of said action, but prior to its transfer to the superior court, there was filed in said superior court by one Rhoda Fife et al., an action involving the title to said allotment and seeking incidental relief. Defendants in error were made parties defendant therein along with others, some of whom were fullblood Indians. Notice of the pendency of said action was served upon the Superintendent for the Five Civilized Tribes and, on authority of said Act, the action was removed to the United States District Court for the Northern District of Oklahoma.

The plaintiffs and other parties claimant in said original action, not parties to the Fife action prior to said removal, were made parties in the Federal court. Plaintiff in error, Caesar Holmes, was impleaded in the case, and filed his answer and cross-petition wherein he asserted the same claim of title and the same right to relief as in the Tat Hawkins action, and made the defendants in error parties defendant thereto. On January 4, 1949, the United States Court upon trial of motion for summary judgment found that said Caesar Holmes neither acquired nor held any interest in said land and awarded defendants in error judgment against the claim made in his cross-petition. The judgment was not appealed from and became final.

Thereafter the defendants in error filed in said original action their supplemental answers to the amended petition in intervention and therein plead the said judgment as res judicata and in bar of the relief sought. Caesar Holmes filed reply thereto wherein the rendition of said judgment is admitted but the controlling effect thereof was denied for the following reasons:

"1. That the Summary Judgment rendered in Federal Court is nothing more than a judgment on the pleadings, and is not conclusive of the issues in this cause.

"2. That the question of sufficiency of the Amended Petition in intervention of Caesar Holmes, in this cause had been passed upon by this court, and held to be sufficient, long before said intervener was made a party to the case in Federal Court.

"3. That there are no full blood Indians Involved in this action, and there is no Federal question involved herein, therefore the fuling of the Federal Court un Case No. 2144, entitled, Rhoda Fife, nee Sampson et al vs Connelly et al, is not controling herein.

"4. That since the pleadings were closed in this case, this intervener has learned the full and true facts as to the identity of Lete Kolvin, and attaches hereto a true copy of a statemen of her sister and brother-in-law, Nancy Barnett and Jackson Barnett, marks the same "Exhibit A" and makes the same a part of this reply."

Thereafter, on motion of defendants in error, the court rendered judgment upon the pleading.

Assigned as error are the following:

"1. That said Court erred in sustaining the motion of the defendants, Sinclair Prairie Oil Company, Arch H. Hyden, administrator with the will annexed of Sarah C. Getty, deceased, The Atlantic Refining Co., V. V. Harris, C. B. Hyde, Margaret May Hammons, Executrix of the estate of J. B. Hammons, deceased, W. T. Anglin, Alfred Stevenson, Roley Buck, Pearlie Buck, H. G. Barnard, Beulah Boxley, Villard Martin as Trustee for Kathryn Cornell Maxey, G. R. Eckles, administrator of the estate of John D. Boxley, deceased, F. P. Swan, N. B. Feagin, and Bar Don Oil Company, for judgment on the pleadings.

"2. Said court erred in dismissing the intervening petition and amended petition of Caesar Holmes, plaintiff in error herein, to which rulings of the court the plaintiff in error then and there excepted.

"3. Said court erred in considering the purported 'Supplemental Answer to Fifth amended petition of plaintiff and to amended petitions in intervention of Addie Kimbrew and Caesar Holmes', as shown at pages 645 to 661 of Transcript, Book 3.

"4. Said Court Erred in sustaining the motion of the defendants, on March 22, 1948, to further stay proceedings herein, over the objection of Caesar Holmes, and to which ruling of the court this plaintiff in error then and there excepted; P. 643 Book 3. of Transcript.

"5. That said Court erred in sustaining the Motion of the defendants on February 9, 1948, (Transcript p. 632 Book 3) to stay proceedings herein, over the objection of this plaintiff in error, and to which ruling of the Court this plaintiff in error then and there excepted."

In support of the motion to dismiss there is contended, first, that the necessary elements of res judicata, identity of subject matter, etc., as required under Keenan v. Culver, 200 Okla. 489, 197 P. 2d 276, are present, and, second, that on authority of Brink v. Bartlett, 146 Okla. 111, 294 P. 106, the judgment is one of a court of competent jurisdiction and decisive of the issue involved on the appeal and therefore, as such, affords ground for the dismissal.

The substance of the contentions of plaintiff in error is that the action in the state court involved no federal question and therefore the state court had exclusive jurisdiction. Also, that such jurisdiction having attached prior to that of the federal court, the state court action cannot be prejudiced by the action in the federal court, and hence

the state court should have proceeded to judgment on the issues in that case, and that it was error for the superior court to stay the trial of the issue therein in anticipation of and to await the decision of the federal court. Nothing is to be gained by a consideration of the authorities cited in support of said contentions as they deal with situations not referable to the Congressional Act of April 12, 1926.

Prior to the passage of said Act no judgment of a state court affecting the restricted rights of Indians was binding on the United States and the issues could be relitigated in an action brought by it. Supplement to Oklahoma Indian Land Laws (Mills), p. 47, sec. 325a, and cases there cited.

In House v. United States, 144 Fed. 2d 555 (writ of certiorari denied Dec. 4, 1944), it was said:

"The broad general purpose of 1926 Act pertaining to actions involving restricted Indian lands or the proceeds therefrom is to enable litigants claiming an interest in allotted lands or proceeds to file suit in state court, serve government with notice of pendency of suit, and thus bind the government by result of litigation. Act April 12, 1926, sec. 3, 44 Stat. 240."

As to the right of removal it is said in Caesar v. Burgess et al., 103 Fed. 2d 503:

". . . The statute is complete within itself and authorizes the removal of a cause coming within the ambit of its provisions even though other independent grounds of federal jurisdiction are not present. United States v. Mid-Continent Petroleum Corporation, 10 Cir., 67 F. 2d 37, certiorari denied, Hosey v. Mid-Continent Petroleum Corp., 290 U. S. 702, 54 S. Ct. 346, 78 L. Ed. 603. Is this proceeding within its purview?"

The fact of the removal and that the United States District Court acquired jurisdiction of the action is not questioned.

It is provided by said Act that after such removal the cause proceeds "in the same manner as if it had been originally commenced in said district court, and such court is hereby given jurisdiction to hear and determine said suit."

The jurisdiction of the federal court having so attached to the subject matter of the litigation, there can be no question of its right to implead the necessary parties and proceed to a determination thereof and that the pendency of the original action in the state court constituted no bar thereto. Such being true, the judgment therein, considered as that of a court having concurrent jurisdiction of the issue involved in the state court, is, on authority of Brink v. Bartlett, supra, res judicata of such issue.

There is no merit in the contention that the court erred in staying its proceedings pending the decision in the federal court.

The action in the state court dealt with only a phase of the question of heirship. The action in the federal court involved such phase and others necessary to a complete determination of the question of heirship and involved restricted as well as non-restricted rights. The federal court was authorized to render a final judgment upon all the issues. The judgment of the state court under the circumstances could not afford full relief and its judgment to the extent it might conflict with restricted rights would not be binding on the United States (Supplement to Oklahoma Indian Land Laws, supra). The state court being without knowledge that conflict in judgments would not arise could, and herein did, properly stay its proceedings in order to avoid unseemly conflict. Looney v. Eastern Texas R. Co., 247 U. S. 214, 62 L. Ed. 1084, 38 S. Ct. 460; 14 Am. Jur. 440, §247.

Since it appears from what has been said that the authorities relied on are not pertinent to the questions involved and that the questions must be decided adversely upon the application

of well established law, the appeal comes clearly within the rule stated in Damaras v. Dance, 164 Okla. 63, 22 P. 2d 1035, as follows:

"Where, from an examination of the authorities cited, record of the case, and the brief of plaintiff in error, it clearly appears that the appeal is without merit, the cause will be dismissed."

Named as defendants in error are others than those moving to dismiss. Such others acquired no interest adverse to plaintiff in error under the judgment appealed from and are neither necessary nor proper parties to the appeal.

The motion to dismiss is sustained and the appeal dismissed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.