**Howard V. ELLIOTT, Plaintiff in Error,**

**v.**

**Vivian ELLIOTT, Defendant in Error.**

**No. 36681.**

Supreme Court of Oklahoma.

Dec. 14, 1954.

Rehearing Denied Jan. 7, 1955.

Supplemental Petition for Rehearing Denied March 18, 1955.

Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, C. F. Gordon, Muskogee, for plaintiff in error.

Johnson, Gordon, Cook & Cotter, Ted D. Foster, Jr., Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

Vivian Elliott as plaintiff instituted an action in the trial court for separate maintenance against Howard V. Elliott, defendant.

On October 2, 1952, the court issued an order directing defendant to pay temporary alimony and "lying in expenses" in the sum of $400. On October 10, 1952, defendant filed a motion to vacate such order. On July 8, 1954, plaintiff filed a verified application for child support and attorney's fee which alleged the birth of a child subsequent to the institution of this action. Thereafter a hearing was had before the court at which evidence was submitted tending to support the allegations of plaintiff's application. Defendant, although present, did not testify. Following such hearing the court made an order directing defendant to pay temporary attorney's fees and alimony pendente lite.

The defendant has commenced this proceeding to review this order. A motion to dismiss has been filed for the reason the appeal is premature in that the order is not a final order which can be brought to this court prior to a final disposition of the case in the trial court.

The motion to dismiss must be sustained. This court has held that it is the duty of

the trial court to hear and determine the issue as to the marriage relationship where such relationship is denied. State ex rel. Blackaby v. Cullison, 31 Okl. 187, 120 P. 660; Fowler v. Fowler, 61 Okl. 280, 161 P. 227, L.R.A. 1917C, 89; Moore v. Moore, 87 Okl. 269, 210 P. 728.

In Utley v. Rowe, 192 Okl. 546, 138 P.2d 71, it is held that it is the duty of the trial court to make a proper disposition of the issue as to the marriage relationship and that mandamus is a proper remedy to enforce the duty of the trial court to determine whether or not the marriage exists.

We have also held, however, that such determination is not a final determination, but is interlocutory only, and is not res judicata as to the question of the existence of the marriage relationship in the trial of the case on the merits. Powell v. Powell, 191 Okl. 581, 131 P.2d 1019.

Defendant argues that the order comes within the third subdivision of 12 O.S.1951 § 952, and the definition of a final order as set out in 12 O.S.1951 § 953. Cited in support thereof are: Hardesty v. Naharkey, 88 Okl. 253, 213 P. 89; Connecticut General Life Ins. Co. v. Dobbins, 178 Okl. 629, 63 P.2d 968, and Warren v. Howell, 204 Okl. 674, 232 P.2d 934. We have examined these cases and are of the opinion they are not in point. See Arthur v. Arthur, Okl., 258 P.2d 1191. In Attaway v. Watkins, 171 Okl. 102, 41 P.2d 914, in discussing a final order under 12 O.S.1951 § 953, in holding that the order involved was not final we cited Oklahoma City Land & Development Co. v. Patterson, 73 Okl. 234, 175 P. 934. In the latter case we stated:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

Defendant cites and relies upon Wade v. Wade, 92 Or. 642, 176 P. 192, 7 A.L.R. 1143. This case is in accord with the general rule announced in Halliburton v. Williams, 166 Okl. 248, 27 P.2d 360, in which it was held by this court that an order which vacates a final judgment is an order for a new trial and as such is an order within the statute which can be brought to this court prior to the order made after the granting of the new trial.

In Moore v. Moore, supra, the syllabus is as follows:

"An order allowing alimony and attorney's fees pendente lite is not such an order as is reviewable by the Supreme Court in a proceeding in error, and such an appeal will be dismissed."

We are of the opinion and hold that the order made by the trial court after having determined the issue of the marriage relationship is interlocutory and the appeal does not lie to this court from such order prior to the final order and judgment of the trial court.

Appeal dismissed.

HALLEY, C. J., and CORN, ARNOLD, O'NEAL and WILLIAMS, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent.