Cacina RENBARGER, Appellee,

v.

Donald RENBARGER, Appellant.

No. 80255.

Supreme Court of Oklahoma.

Dec. 13, 1994.

.

William H. Campbell Oklahoma City, for appellant.

Michael Gassaway Oklahoma City, for appellee.

**LAVENDER, Vice Chief Justice.**

In a divorce action a modified temporary order *pendente lite* was issued in which determination was made that a common law marriage existed between the parties. At the later trial appellant sought to present additional evidence on the issue. The trial judge refused to hear the evidence or reconsider the issue because of the earlier ruling contained in the modified temporary order. We decide whether the trial court erred by refusing to allow the evidence or reconsider the issue. We hold the trial court erred because the initial ruling in the modified temporary order was interlocutory, it was not *res judicata* of the issue of the existence of the marriage relationship and that issue was open for final adjudication at trial.

## FACTS AND PROCEDURAL HISTORY

Appellee, Cacina Renbarger sued appellant, Donald Renbarger for divorce. The trial court ordered an evidentiary hearing to determine whether the parties were married. After the evidentiary hearing a modified temporary order *pendente lite* was filed on November 15, 1990, in which the trial court found the marriage was consummated in January 1989, i.e. that a common law marriage existed as of sometime in that month.[1] After certain discovery was conducted appellant moved the trial court in March 1991 to reconsider the ruling contained in the modified temporary order. This motion was denied in May 1991. Appellant appealed the denial of

his motion to reconsider to this Court. In *Renbarger v. Renbarger*, No. 77,459 (Okla. S.Ct. Sept. 16, 1991), we dismissed the appeal as premature noting that the trial court's pronouncement of November 15, 1990 (i.e. the modified temporary order) was neither a final order, nor among those interlocutory orders specifically made appealable by statute. The matter returned for disposition to the trial court.

A trial was held in July 1992. The record of the trial shows that the trial judge refused to hear additional evidence sought to be presented by appellant on the issue of the marriage relationship and that appellant was allowed to make an offer of proof as to this additional evidence. The record of the trial also shows that the trial judge refused to hear the evidence or reconsider the issue because of the earlier ruling. The trial judge stated in this regard, "[a]gain, for the purposes of this record, all parties are aware that Mr. Renbarger has reserved the issue of common law marriage, which has not been presented here today because the Court has already ruled on it. And we have a ruling from the higher Court advising the appeal was dismissed at that time [as] premature but you are going to raise that." July 21, 1992 Transcript, pp. 95-96.[2]

On appeal, the Court of Appeals ruled that "[a]ppellant's complaint that he was not allowed to present [ ] evidence [on the common law marriage issue] at the [trial] is not well-taken." The Court of Appeals also apparently decided because they had no transcript of the hearing which led to the modified temporary order they were required to presume the trial court did not err in the determina-

---

1. The modified temporary order *pendente lite* is signed by a different judge than the judge that eventually tried the case and issued the Decree of Divorce. This fact is irrelevant to our disposition of this appeal. We also note that the record reveals the parties were, indeed, married for a time prior to January 30, 1989. However, the record also reveals the parties were divorced on January 30, 1989, in Case No. FD-89-166. Although the record is not conclusive, we assume this case number is from a case in Oklahoma County District Court. In any event, neither appellant or appellee contest the legality or finality of this previous divorce.

2. The trial transcript of July 21, 1992, also shows on page 2 thereof that the trial court recognized that appellant was waiving no rights in regard to the issue of a common law marriage and that appellant would be allowed at the end of trial to make an offer of proof on the issue. Appellant, with permission of the trial judge, made his offer of proof after the trial judge left the courtroom. July 21, 1992, Transcript, pp. 98-100.

tion that a common law marriage existed. Beyond challenging the trial court's refusal to allow additional evidence at trial on the marriage relationship issue and the refusal to reconsider the issue at trial, appellant also appealed the trial court's ruling on the merits of that issue, as well as the ruling by the trial judge on the merits of the property division. Thus, the Court of Appeals went on to affirm the trial judge's rulings on the marriage relationship and the property division. Appellant sought certiorari which we previously granted.[3]

## ANALYSIS

■ We ruled over fifty (50) years ago that it was error for a trial court to reject evidence offered at trial for the purpose of establishing the nonexistence of the marriage relationship on the ground that the existence of the marriage relationship had been established and the issue was *res judicata* by virtue of a previous finding entered by the trial court in a hearing on an application to vacate an order for alimony *pendente lite. Powell v. Powell,* 191 Okla. 581, 131 P.2d 1019, 1020–1021 (1942). Our ruling was based on the view that the findings or order made upon an application for alimony *pendente lite* in an action for divorce are interlocutory in nature and therefore not *res judicata* of the main issue of the marriage relationship. *Id.* 131 P.2d at 1021. Accordingly, the issue of the marriage relationship is open for later adjudication in the same action upon the final trial even though a finding has been made thereon in conjunction with an earlier

3. Appellant also attacks on certiorari the Court of Appeals' disposition of his attempt to appeal the trial judge's post-divorce decree ruling which awarded attorney fees to appellee. In that we reverse the trial court's grant of a divorce in this case and remand for new trial we also reverse the trial judge's ruling on attorney fees and remand that issue to the trial court. We further note, appellant's Amended Petition in Error contains a copy of the trial court's Order on attorney fees. The Order was filed October 25, 1993 and it indicates the attorney fee ruling was pronounced on September 17, 1993. Appellant's Amended Petition in Error was filed in this Court on November 10, 1993. Under both 12 O.S. 1991, § 990A(A) and 12 O.S.Supp. 1993, § 990A(A), the statutes in effect at the time of the

application for temporary or incidental relief. *Id.* 131 P.2d at 1020–1021; *See also Elliott v. Elliott,* 279 P.2d 328, 329 (Okla.1954) (a finding of a marriage relationship in an action brought for separate maintenance, made on application for maintenance money *pendente lite,* is not a final determination of such issue, but is interlocutory only).

■ *Powell v. Powell* controls disposition of this appeal. Contrary to the Court of Appeals' conclusory statement that appellant's complaint concerning the trial court's refusal to allow evidence on the marriage relationship at the trial "is not well-taken," the transcript of the trial conclusively shows the trial court rejected consideration of the additional evidence and merely allowed appellant to make an offer of proof as to the evidence he would have presented to support his view no common law marriage relationship existed. This was reversible error on the trial court's part.

Accordingly, the Memorandum Opinion of the Court of Appeals is **VACATED,** the judgment of the trial court embodied in the Decree of Divorce is **REVERSED,** as is the October 25, 1993, Order of the trial court as to attorney fees, and the matter is **REMANDED WITH DIRECTIONS TO GRANT A NEW TRIAL.** Finally, the June 7 and June 28, 1994, Order and Corrected Order of the Court of Appeals, respectively, granting appellee's motion for judgment on supersedeas bond are **VACATED.**

SIMMS, HARGRAVE, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, C.J., and WATT, J., dissent.

pronouncement and filing, respectively, the Amended Petition in Error would be considered timely because the petition in error must have been filed within thirty (30) days from the date the final order was filed in the trial court. Such filing was also consistent with the Rules of Appellate Procedure in Civil Cases, 12 O.S. 1991, Ch. 15, App. 2, Rule 1.1 et seq., as amended. Rule 1.17(a) and 1.11(a), 12 O.S. 1991, Ch. 15, App. 2. Finally, in view of our disposition of this appeal, the June 7 and June 28, 1994 Order and Corrected Order of the Court of Appeals, respectively, granting appellee's motion for judgment on supersedeas bond, are vacated.

WATT, Justice, dissenting:

This Court in 1913 said that "in the absence of the record of what occurred at the trial, it will be presumed that evidence sufficient to sustain such recovery was introduced without objection, and that it was sufficient to support the findings the court made...." *Homeland Realty Co. v. Robison*, 39 Okla. 591, 136 P. 585, 587 (1913).

There was no record made of the hearing during which the trial court received evidence of the existence of a common law marriage and made a finding to that effect. The Court of Appeals followed *Homeland*, and, in my opinion, correctly affirmed the trial court. I would not remand this matter for a new trial absent a trial record on appeal. Therefore, I respectfully dissent.