2014 OK CIV APP 81

**Robert K. COOK, II, Plaintiff/Appellant,**

v.

**Tanya A. BOWEN, Defendant/Appellee.**

**No. 111,980.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 27, 2014.

Joseph R. Farris, Paula J. Quillin, Curtis J. Roberts, Franden, Woodard, Farris, Quillin & Goodnight, Tulsa, Oklahoma, for Plaintiff/Appellant.

Scott A. Graham, Thomas H. Landrum, The Firm on Baltimore, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellee.

WM. C. HETHERINGTON, JR., Vice–Chief Judge.

¶ 1 Plaintiff/Appellant, Robert K. Cook, II (Cook), seeks review of the trial court's order dismissing his action against Defendant/Appellee, Tanya A. Bowen (Bowen), for an accounting, unjust enrichment and breach of fiduciary duty. Cook also appeals from the trial court's denial of his motion for a temporary injunction. Cook and Bowen are also parties to a dissolution of common law marriage proceeding in the Tulsa County District Court Case No. FD–2011–2593 (family court). We affirm the portion of the trial court's order denying Cook's motion for temporary injunction. We also affirm the trial court's decision to defer to the family court. However, we reverse the trial court's order dismissing Cook's action for an accounting, unjust enrichment and breach of fiduciary duty and remand those issues to the trial court with instructions to stay these claims until the final resolution of the parties' action for dissolution of marriage.

¶ 2 The parties cohabited from 1989 through January 2012, and they have two minor children. On September 20, 2011, Bowen filed a petition against Cook for dissolution of common law marriage in Case No. FD–2011–2593. On February 28, 2013, Cook filed this action against Bowen claiming she was his former office manager/live-in girlfriend and that she stole $2,401,000.00 of his money from safes maintained by him at his home and corporate offices. Cook requested an injunction and an accounting of the sums taken by Bowen. He claimed Bowen was spending uncontrollably and was squandering large sums of stolen cash.

¶ 3 Bowen moved to dismiss this action arguing the case should be heard by the divorce court because she and Cook were common-law married. Cook denied the existence of the common law marriage and contested the family court's jurisdiction. When this appeal was filed, the family court had not made a ruling on the marital relationship. On January 21, 2014, the family court entered a journal entry of judgment with extensive findings of fact and conclusions of law. That judgment determined the parties entered into a common law marriage April 1990. The judgment was certified as an immediately appealable interlocutory order pursuant to 12 O.S.2011 § 952(b). Cook filed a petition for certiorari pursuant to *Supreme Court Rules* 1.50–1.56, 12 O.S.2011 Ch. 15, App. 1. On May 19, 2014, the Oklahoma Supreme Court denied Cook's petition for certiorari and the matter was mandated June

10, 2014.[1] As a result, this question remains interlocutory and unreviewed.

¶4 On appeal, Cook argues the district court erred in dismissing this action because his only recourse to recover the stolen funds is in district court. Cook submits the divorce court has no jurisdiction to decide this matter. Bowen argues the district court properly dismissed this matter because the family court already exercised jurisdiction over the assets at issue and Cook is attempting to bypass the divorce court's authority to equitably divide the parties' marital assets in the common-law divorce proceeding. She points out Cook actively participated in the common-law marriage proceeding in family court for nearly eighteen (18) months prior to filing the instant action. Bowen contends Cook filed this civil action in an effort to harass her and increase her attorney fees.

■ ¶5 We hold the trial court properly deferred exercising its jurisdiction in this proceeding so that the family court may address the parties' issues. The family court's jurisdiction was invoked for the parties and the issues involved herein when the petition was filed. *State ex rel. Cox v. Lohah,* 1967 OK 165, ¶0, 434 P.2d 928. The family court was also the first court to obtain jurisdiction over these parties and their financial issues.

The general rule is that when a court of competent jurisdiction acquires jurisdiction of a subject and of the parties, its jurisdiction continues as to all matters until the issues are finally disposed of, and no other court with coordinate jurisdiction should interfere. This principle is essential to the proper and orderly administration of justice. Jurisdiction of a court once acquired is not lost or divested by subsequent events.

*Id.* at ¶29.

■ ¶6 Although the trial court properly deferred to the family court, we hold the trial court erred in dismissing this case. We do so because the family court's order establishing the existence of the common law marriage was an interlocutory order and not a final determination of that issue. *Renbarger v. Renbarger,* 1994 OK 140, ¶5, 889 P.2d 1250; see also 12 O.S.2011 § 952(b)(3). Furthermore, the two (2) year limitations period at 12 O.S.2011 § 95(A)(3) does not appear to be tolled by an ongoing dissolution of marriage proceeding. Only Cook's commencement of this action stopped the running of the statute of limitations so that Cook may seek a remedy for his cause of action. *Tice v. Pennington,* 2001 OK CIV APP 95, ¶11, 30 P.3d 1164. Thus, in the event the non-existence of a common law marriage is finally determined in the family court case, this action may be Cook's only avenue for redress.[2] Based on the foregoing, we conclude the trial court should have stayed this proceeding pending the final resolution of the family court case. *See Holmes v. Sinclair Prairie Oil Co.,* 1950 OK 114, 203 Okla. 56, 218 P.2d 382 (A court may stay its proceedings and defer to a court having concurrent jurisdiction of the issue in order to avoid an unseemly conflict in judgments).

¶7 Cook next argues the trial court erred in denying his request for injunctive relief. We affirm the trial court's judgment denying injunctive relief. Cook may expect, if properly pled, full and adequate injunctive and accounting relief in the family court proceeding. If not, while this action is not Cook's chance for a second bite at the apple, it is properly stayed with opportunity to be heard as to full and complete family court issue determination as to the allegations made in this case.

¶8 We conclude the trial court did not abuse its discretion and properly deferred to the family court, denying Cook's request for injunctive relief. We hold the trial court erred in dismissing this case. The trial

---

1. This Court may take judicial notice of dockets of the district courts and of its own records in litigation interconnected with an appeal before it. *Reeves v. Agee,* 1989 OK 25, ¶23 n. 40, 769 P.2d 745; *Collier v. Reese,* 2009 OK 86, ¶8 n. 7, 223 P.3d 966.

2. However, if judgment establishing the existence of the common law marriage is finally determined, that judgment shall be a bar to any claim of either party in or to the property of the other, if determined in that judgment, except in cases where actual fraud shall have been committed by or on behalf of the successful party. 43 O.S.2011 § 122.

court's judgment is affirmed in part, reversed in part and this matter is remanded for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.**

JOPLIN, P.J., and BUETTNER, J., concur.